COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






DANNA HOLBY PARKER,

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-10-00106-CR

Appeal from the

43rd Judicial District Court

of Parker County, Texas 

(TC# CR04-0053-43) 





O P I N I O N

            Danna Holby Parker was convicted of driving while intoxicated with a child passenger. 
The trial court sentenced Appellant to 24 months’ confinement in State Jail. On appeal,
Appellant raises three issues. In Issue One, Appellant argues that the trial court erred in denying
Appellant’s Motion to Quash the certified records related to her Arkansas DWI conviction. In
Issue Two, Appellant argues that the trial court erred by denying her motion for directed verdict
regarding her DWI conviction. In Issue Three, Appellant argues that the evidence is insufficient
to support the court’s verdict.
            Appellant was originally charged with driving while intoxicated with a child passenger in
February 2004. She plead “guilty” to the offense, and was sentenced to twenty-four months
incarceration in a state jail facility, suspended pending completion of five years’ community
supervision. The State filed a motion to revoke Appellant’s community supervision on
March 25, 2008. The State alleged that Appellant violated the conditions of her probation by: 
(1) committing a theft offense in Yell County, Arkansas on November 26, 2007; and (2) by
failing to report to her parole officer within five days of her arrest.
            Appellant plead “true” to the State’s allegations, and the trial court entered a written order
modifying the terms of Appellant’s community supervision. In addition, to the terms and
conditions contained in the prior order, the court extended Appellant’s supervision period by two
years, and ordered Appellant to serve fourteen, forty-eight to seventy-two hour periods of
incarceration in the Parker County Jail between November 2008 and December 2010. The court
also ordered Appellant to attend counseling, participate in a group therapy for repeat DWI
offenders, file a written report to her Parker County community supervision officer quarterly, and
to submit to electronic monitoring.
            The State filed a second motion to revoke Appellant’s community supervision on July 15,
2009, and an amended motion on September 10, 2009. The State alleged that on June 12, 2009,
Appellant committed a second DWI offense, operated a motor vehicle with a suspended Texas
driver’s license, failed to abstain from the use of alcohol, and failed to provide a breath sample
when one was requested by a police officer. These violations were alleged to have occurred in
Pope County, Arkansas. In addition, the State alleged that Appellant failed to report to the
Parker County jail on September 5, 2009, when she was scheduled to serve one of her fourteen
weekend incarceration periods.
            The court heard evidence and argument on the State’s motion on February 17, 2010. 
Appellant plead “not true” in open court. Deanna Cossabone, the Parker County Supervision and
Corrections officer assigned to Appellant’s case, testified that shortly after Appellant’s case was
assigned to her in January 2009, Appellant was transferred to Arkansas officials for the purpose
of serving her weekend jail time. Ms. Cossabone’s explained that as a “transfer” through the
“Interstate Compact procedure,” Appellant was only required to report to Arkansas officials, and
that those officials would report back to her office if they experienced any problems with
Appellant’s case.
            On April 21, 2009, Appellant appeared in Parker County, Texas for a hearing regarding
her electronic monitor. Following the April 21 hearing, Appellant was ordered to complete the
remainder of her jail time in Parker County, Texas as the State of Arkansas was no longer able to
accommodate the transfer. According to the custodian of records for Parker County Sheriff’s
Office Jail Division, despite the court’s order that she report to jail on September 5, 2009,
Appellant failed to report back to the Parker County Jail until November 2009. 
            Following the witness testimony, the State offered certified records related to Appellant’s
Arkansas convictions for DWI and driving with a suspended license. Appellant’s attorney
moved to quash the documents on the basis that the records failed to demonstrate that Appellant
waived her right to counsel prior to pleading guilty to the charges. The trial court denied the
motion, and admitted the documents into evidence. The trial court also denied a motion for
directed verdict on the DWI offense.
            Appellant was the final witness to testify at the revocation hearing. Appellant explained
that when she was forced to come back to Parker County to complete her probation, she lost the
job she had maintained in Arkansas for over a year. Although she was able to find alternative
employment in Texas, Appellant testified that moving from Arkansas and losing her job affected
her emotionally, and she began drinking again after five years of sobriety. She admitted that she
consumed approximately four beers at her home shortly before the Arkansas police arrested her
for driving while intoxicated. She told the court that on September 4, 2009, the day before she
was to report to the Parker County Jail, she contacted her Arkansas probation officer for advice,
as she did not have a driver’s license and was not able to legally drive to Texas. Two weeks
later, Appellant turned herself in to authorities in Arkansas.
            During cross-examination, Appellant admitted that she took no action to make
arrangements for alternative transportation to Texas between the date she was arrested in
Arkansas and the day she was scheduled to report to jail. Appellant also denied that she had been
driving when Arkansas police officers arrested her for DWI, although she acknowledged that she
was convicted for the offense, and did not appeal the conviction. Appellant claimed that when
she appeared in court in Arkansas related to the DWI charge, the court denied her request for a
jury trial, as well as her right to counsel.
            The court granted the State’s motion and revoked Appellant’s probation. The court
sentenced Appellant to twenty-four months’ confinement.
            As a general matter, a trial court’s decision to revoke community supervision will not be
disturbed absent an abuse of discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App.
2006). The trial court does not abuse its discretion if the revocation order is supported by a
preponderance of the evidence. Rickels, 202 S.W.3d at 763-64. In other words, the record must
only demonstrate that the greater weight of the credible evidence supports a reasonable belief that
the defendant violated a condition of her probation. Id. When conducting such a review, this
Court will view the evidence in the light most favorable to the verdict, and defer to the trial
court’s resolution of disputed facts and reasonable inferences that can be drawn from those facts. 
Cantu v. State, 253 S.W.3d 273, 282 (Tex.Crim.App. 2008). In a case, such as this one, where
multiple grounds for revocation are alleged, the evidence need only preponderate in support of
one ground to overcome the abuse of discretion standard. See Gordon v. State, 4 S.W.3d 32, 35
(Tex.App.--El Paso 1999, no pet.).
            In Issue Three, Appellant argues the evidence is insufficient to support the court’s
findings that she violated the terms of her probation. As we discussed above, the States raised
several grounds for revocation, including allegations that Appellant consumed alcohol in
violation of court orders, and that she failed to report to jail as ordered. As these grounds are
supported by a preponderance of the evidence, including Appellant’s admissions during the
revocation hearing, the trial court did not abuse its discretion by revoking community
supervision. Issue Three is overruled. Having found that at least one alleged ground for
revocation is supported by a preponderance of the evidence, there is no need to address
Appellant’s remaining points of error. Issues One and Two are also overruled.
            We affirm the trial court’s judgment.


June 15, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)