COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| --- | --- | --- |
| DANNA HOLBY PARKER, | | No. 08-10-00106-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 43rd Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Parker County, Texas |
| | § | |
| Appellee. | | (TC# CR04-0053-43) |
| | § | |
| | § | |

**O P I N I O N**

Danna Holby Parker was convicted of driving while intoxicated with a child passenger. The trial court sentenced Appellant to 24 months' confinement in State Jail. On appeal, Appellant raises three issues. In Issue One, Appellant argues that the trial court erred in denying Appellant's Motion to Quash the certified records related to her Arkansas DWI conviction. In Issue Two, Appellant argues that the trial court erred by denying her motion for directed verdict regarding her DWI conviction. In Issue Three, Appellant argues that the evidence is insufficient to support the court's verdict.

Appellant was originally charged with driving while intoxicated with a child passenger in February 2004. She plead "guilty" to the offense, and was sentenced to twenty-four months incarceration in a state jail facility, suspended pending completion of five years' community supervision. The State filed a motion to revoke Appellant's community supervision on March 25, 2008. The State alleged that Appellant violated the conditions of her probation by:

(1) committing a theft offense in Yell County, Arkansas on November 26, 2007; and (2) by failing to report to her parole officer within five days of her arrest.

Appellant plead "true" to the State's allegations, and the trial court entered a written order modifying the terms of Appellant's community supervision. In addition, to the terms and conditions contained in the prior order, the court extended Appellant's supervision period by two years, and ordered Appellant to serve fourteen, forty-eight to seventy-two hour periods of incarceration in the Parker County Jail between November 2008 and December 2010. The court also ordered Appellant to attend counseling, participate in a group therapy for repeat DWI offenders, file a written report to her Parker County community supervision officer quarterly, and to submit to electronic monitoring.

The State filed a second motion to revoke Appellant's community supervision on July 15, 2009, and an amended motion on September 10, 2009. The State alleged that on June 12, 2009, Appellant committed a second DWI offense, operated a motor vehicle with a suspended Texas driver's license, failed to abstain from the use of alcohol, and failed to provide a breath sample when one was requested by a police officer. These violations were alleged to have occurred in Pope County, Arkansas. In addition, the State alleged that Appellant failed to report to the Parker County jail on September 5, 2009, when she was scheduled to serve one of her fourteen weekend incarceration periods.

The court heard evidence and argument on the State's motion on February 17, 2010. Appellant plead "not true" in open court. Deanna Cossabone, the Parker County Supervision and Corrections officer assigned to Appellant's case, testified that shortly after Appellant's case was assigned to her in January 2009, Appellant was transferred to Arkansas officials for the purpose

of serving her weekend jail time. Ms. Cossabone's explained that as a "transfer" through the "Interstate Compact procedure," Appellant was only required to report to Arkansas officials, and that those officials would report back to her office if they experienced any problems with Appellant's case.

On April 21, 2009, Appellant appeared in Parker County, Texas for a hearing regarding her electronic monitor. Following the April 21 hearing, Appellant was ordered to complete the remainder of her jail time in Parker County, Texas as the State of Arkansas was no longer able to accommodate the transfer. According to the custodian of records for Parker County Sheriff's Office Jail Division, despite the court's order that she report to jail on September 5, 2009, Appellant failed to report back to the Parker County Jail until November 2009.

Following the witness testimony, the State offered certified records related to Appellant's Arkansas convictions for DWI and driving with a suspended license. Appellant's attorney moved to quash the documents on the basis that the records failed to demonstrate that Appellant waived her right to counsel prior to pleading guilty to the charges. The trial court denied the motion, and admitted the documents into evidence. The trial court also denied a motion for directed verdict on the DWI offense.

Appellant was the final witness to testify at the revocation hearing. Appellant explained that when she was forced to come back to Parker County to complete her probation, she lost the job she had maintained in Arkansas for over a year. Although she was able to find alternative employment in Texas, Appellant testified that moving from Arkansas and losing her job affected her emotionally, and she began drinking again after five years of sobriety. She admitted that she consumed approximately four beers at her home shortly before the Arkansas police arrested her

for driving while intoxicated. She told the court that on September 4, 2009, the day before she was to report to the Parker County Jail, she contacted her Arkansas probation officer for advice, as she did not have a driver's license and was not able to legally drive to Texas. Two weeks later, Appellant turned herself in to authorities in Arkansas.

During cross-examination, Appellant admitted that she took no action to make arrangements for alternative transportation to Texas between the date she was arrested in Arkansas and the day she was scheduled to report to jail. Appellant also denied that she had been driving when Arkansas police officers arrested her for DWI, although she acknowledged that she was convicted for the offense, and did not appeal the conviction. Appellant claimed that when she appeared in court in Arkansas related to the DWI charge, the court denied her request for a jury trial, as well as her right to counsel.

The court granted the State's motion and revoked Appellant's probation. The court sentenced Appellant to twenty-four months' confinement.

As a general matter, a trial court's decision to revoke community supervision will not be disturbed absent an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). The trial court does not abuse its discretion if the revocation order is supported by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64. In other words, the record must only demonstrate that the greater weight of the credible evidence supports a reasonable belief that the defendant violated a condition of her probation. *Id*. When conducting such a review, this Court will view the evidence in the light most favorable to the verdict, and defer to the trial court's resolution of disputed facts and reasonable inferences that can be drawn from those facts. *Cantu v. State*, 253 S.W.3d 273, 282 (Tex.Crim.App. 2008). In a case, such as this one, where

-4-

multiple grounds for revocation are alleged, the evidence need only preponderate in support of one ground to overcome the abuse of discretion standard. *See Gordon v. State*, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.).

In Issue Three, Appellant argues the evidence is insufficient to support the court's findings that she violated the terms of her probation. As we discussed above, the States raised several grounds for revocation, including allegations that Appellant consumed alcohol in violation of court orders, and that she failed to report to jail as ordered. As these grounds are supported by a preponderance of the evidence, including Appellant's admissions during the revocation hearing, the trial court did not abuse its discretion by revoking community supervision. Issue Three is overruled. Having found that at least one alleged ground for revocation is supported by a preponderance of the evidence, there is no need to address Appellant's remaining points of error. Issues One and Two are also overruled.

We affirm the trial court's judgment.


June 15, 2011
                                        DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)