Opinion filed September
29, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00145-CR 

                                                    __________

 

                                    ROBERT
BRYANT, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR25062

 



 

                                                                  O
P I N I O N

Robert
Bryant appeals from the revocation of his community supervision and
adjudication of guilt.  He had originally received two judgments, representing
two counts, of deferred adjudication and community supervision for ten years in
January 2000 after he pleaded guilty to the offense of misapplication of trust
funds.  Finding that Bryant had not paid restitution in full as originally
ordered, the trial court revoked his community supervision and adjudicated him
guilty of the offense of misapplication of trust funds.  The court assessed
punishment at two years in the Texas Department of Criminal Justice,
Institutional Division, but suspended the sentence and placed Bryant on
community supervision for seven years.  The trial court also ordered Bryant to
pay the unpaid balance of the restitution previously ordered.  Bryant urges in
two issues that the trial court abused its discretion in revoking his community
supervision because the State failed to meet its burden under Article 42.12,
section 21(c) of the Texas Code of Criminal Procedure, Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp.
2010), and because the evidence was insufficient to support his revocation.  We
reverse and remand.  

The
original judgments deferring adjudication of guilt, dated January 13, 2000, stated
that Bryant owed restitution in the amount of $197,663.64.  As a condition of
his community supervision, Bryant was ordered to “[p]ay restitution and/or
reparation as stated on the first page of the Judgment.”  The first page of
each judgment contained the full restitution amount and stated to whom it was
owed.  In connection with the payment of that restitution, Bryant was ordered
as follows:

IT
IS ORDERED that the defendant shall separately pay the restitution and/or
reparations ordered in equal monthly payments calculated by dividing the total
amount of restitution and/or reparation by the months of community supervision
remaining after the defendant is released from confinement, less six months,
unless otherwise directed by the Midland County Community Supervision and
Corrections Department.  If the remaining period of community supervision is
less than one year, the defendant shall pay the restitution and/or reparations
ordered in equal monthly payments. 

 

On November 13, 2009,
approximately two months before the expiration of Bryant’s period of community
supervision, the State filed a Motion to Revoke Community Supervision and to
Proceed with an Adjudication of Guilt.  The motion alleged that Bryant violated
the terms and conditions of his community supervision in that he “failed to pay
to the Midland County Community Supervision and Corrections Department the fees
assessed against [him] as directed as follows:”  April 2000 – $450; May 2000 –
$150; June 2000 – $150; July 2000 – $300; August 2000 – $300; September 2000 –
$298; October 2000 – $298; and $300 for each month from November 2000 through
October 2009 “for a total of $164,658.89 delinquent.”  Bryant pleaded “not
true” to the allegations contained in the motion.

Appellate
review of an order revoking community supervision is limited to abuse of the
trial court’s discretion.  Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006).  In determining questions regarding the sufficiency of the
evidence in cases involving the revocation of community supervision, the burden
of proof is by a preponderance of the evidence, which means “that greater weight of the credible evidence which would create a
reasonable belief that the defendant has violated a condition” of his community
supervision.  Id. at 763-64.  

Karrie
Bragg testified that she is an adult probation officer with Midland County.  Bragg
indicated that, with respect to his general attitude while on community
supervision, Bryant had been compliant and tried to complete all the
requirements as ordered by the court.  She said that his only problem with
community supervision was the amount of restitution he was ordered to pay and
his ability to pay.  Bragg testified that Bryant’s first payment was made in
April 2000 and that his payments continued all the way through January 2010.   Evidence
was presented showing that, during his community supervision period, Bryant had
paid a total of $35,497, which included fees, court costs, and $33,904.75
toward the amount of restitution he had been ordered to pay.  Bryant had paid
the full amount of fees and court costs that were owed.  State’s Exhibit No. 1
showed that, from April 2000 through October 2009, Bryant actually paid each of
the amounts that were specifically alleged as unpaid in the State’s motion to
revoke and that Bryant also made three additional payments after October 2009, leaving
a restitution balance of $163,758.89. 

Bragg
testified that a prior motion to revoke was dismissed after an agreement was
made between Bryant and the Midland County Community Supervision and
Corrections Department in which he agreed to make a minimum monthly payment of
$300, as opposed to the original amount of almost $2,000 per month.  This
agreement was also shown by Defendant’s Exhibit Nos. 12 and 13.  The agreement
reflects Bryant’s understanding that he was still obligated by court order to
pay the total amount originally ordered, in the amount of $198,126.89, before
the end of his community supervision term on January 13, 2010.

Bryant
testified that he has judgments against him in a total amount exceeding $400,000. 
He indicated that, during the years of his community supervision, he and his
wife had little income and had declared bankruptcy.  Bryant introduced
documentary evidence supporting this testimony.  He related that, at the time
of the hearing on the motion for revocation, his only income was $2,700 per
month, which included social security for him and his wife and a part-time job
for his wife.  He said that he had been paid $600 per month for teaching a
class but that he had not been able to teach it during the current term in
light of the hearings on his revocation.  He indicated that he would be able to
continue teaching if he were not a convicted felon.

Bryant
testified that his rent, car payment, and utilities totaled about $2,100.  He
said that he was not able to pay his bills in full every month but that he had
made sure to pay the $300 per month to his community supervision department.  When
asked if he had tried to get a loan to pay off the amount he owed on
restitution, he replied that he could not get a loan for $10.

Bryant,
who had indicated that he was seventy-seven years of age, testified that he had
a massive heart attack in 2002 and then suffered a mini-stroke in January 2010. 
He stated that, if he were to be continued on community supervision in the
future, he could not continue making the $300 payments he had been making.  He
insisted that he had no assets he could sell in order to pay off his debts.

Bryant’s
contention in his two issues is that the trial court abused its discretion when
it revoked his community supervision and adjudicated his guilt because the
evidence did not establish that he failed to pay restitution as ordered and
because, even if it had, the evidence showed that he was financially unable to
comply with the condition and that the trial court could not constitutionally
restrain him from his liberty based upon the inability to pay.  In the original
judgment placing him on deferred adjudication, Bryant was ordered to pay
restitution in a monthly amount that would have paid for all the restitution
within the ten-year period of his community supervision.  Early during his time
of community supervision, Bryant agreed with the Midland County Community
Supervision and Corrections Department that he would pay $300 per month toward
restitution.  His agreement with the department reflected that he was still
ordered to pay the full amount before the end of his community supervision
term.  The hearing on revocation was held in April 2010, after the end of
Bryant’s community supervision term. 

The
evidence presented established that Bryant was ordered to pay restitution, as a
condition of his community supervision, in the full amount of $197,663.64 and
that, of that figure, he had paid a total of $33,904.75.  Consequently, the
evidence was sufficient to show that Bryant failed to comply with this
condition of his community supervision.  

Bryant
contends that the evidence was insufficient because it showed that he paid the
$300 per month in accordance with his agreement with the Midland County
Community Supervision and Corrections Department.  While the evidence did show
that Bryant faithfully paid the $300 per month as ordered, the evidence also
showed that he was ordered to pay the full amount of restitution before the end
of the term of his community supervision and that he failed to do so. 

Bryant
recognizes that Article 42.12, section 21(c) of the Texas Code of Criminal
Procedure does not specifically require the State, in a community supervision
revocation hearing involving the nonpayment of “restitution,” as opposed to the
nonpayment of fees or court costs, to prove by a preponderance of the evidence
that the defendant was able to pay.[1] 
However, Bryant suggests that the State still has the burden of presenting such
proof and that the revocation of his community supervision deprived him of his
liberty due to poverty.  He urges that the trial court could, therefore, not
constitutionally revoke his community supervision and adjudicate his guilt on
the underlying offense, sentencing him to a suspended prison term and community
supervision. The United States Supreme Court has held that, in revocation
proceedings for failure to pay a fine or restitution, if the probationer cannot
pay despite sufficient bona fide efforts to acquire the resources to do so, the
court must consider alternate measures of punishment other than imprisonment
and may not imprison that probationer absent a showing that such alternative
measures are not adequate to meet the State’s interest in punishment and
deterrence.  Bearden v. Georgia, 461 U.S. 660, 673 (1983). 

The
trial court has not imprisoned Bryant as a result of his failure to pay.  What
it did was sentence him to two years imprisonment in the Texas Department of
Criminal Justice, Institutional Division, with the sentence suspended and
Bryant placed on community supervision for seven years.  As noted in the
revocation judgment, the trial court determined to suspend the term of
imprisonment and place Bryant on community supervision as an alternative to
imprisonment because the best interest of Bryant and the public would be served
by doing so.

The
opinion in Bearden implies that a State may punish someone in a
revocation hearing who lacks the ability to pay a fine or restitution, assuming
that the punishment does not involve imprisonment.  We hold that the trial
court, by suspending any imprisonment it imposed and placing Bryant on
community supervision, availed itself of an alternative measure of punishment
other than imprisonment such as was discussed in Bearden.  We find that
Bryant’s suggestion that the State, constitutionally, has the burden to show a
defendant’s ability to pay before there can be a revocation appears to be
inconsistent with Bearden, which imposes limits on revocation punishment
where the probationer lacks the ability to pay, but makes no suggestion that
such a revocation is impermissible.  We hold, therefore, that the trial court’s
action did not violate the Due Process Clause of the United States
Constitution.  

The
Texas legislature, however, addresses the issue of restitution in Tex. Code Crim. Proc. Ann. art. 42.037
(Vernon Supp. 2010).  With respect to restitution as it relates to community
supervision, Article 42.037(h) provides:

            If a
defendant is placed on community supervision or is paroled or released on
mandatory supervision, the court or the parole panel shall order the payment of
restitution ordered under this article as a condition of community supervision,
parole, or mandatory supervision.  The court may revoke community supervision
and the parole panel may revoke parole or mandatory supervision if the
defendant fails to comply with the order.  In determining whether to revoke
community supervision, parole, or mandatory supervision, the court or parole
panel shall consider: 

(1) the defendant’s employment status;

(2) the defendant’s current and future earning ability;

(3) the defendant’s current and future financial resources;

(4) the willfulness of the defendant’s failure to pay;

(5)
any other special circumstances that may affect the defendant’s ability to pay;
and

(6) the victim’s financial resources or ability to pay expenses incurred
by the victim as a result of the offense.

Thus,
even though the State may not have the burden under Article 42.12, section
21(c), to prove the probationer’s ability to pay restitution, a trial court is
required by Article 42.037(h) to consider the probationer’s ability to pay
before revoking community supervision based upon the failure to pay
restitution.  The record indicates that the trial court may have failed to give
appropriate consideration to the first five factors listed in Article
42.037(h).  At the conclusion of the revocation hearing in this case, the trial
court stated, “If it were fees owed to probation, there would not be a
problem.  But this is restitution to a victim.  That’s the Court’s problem,
that I can’t waive.”  Nothing in the record reflects that Bryant willfully
failed to pay or that he had the ability to pay more than the $300 per month
that he faithfully paid every month for almost ten years.  Additionally,
Article 42.037(h) requires the trial court to consider the victim’s resources. 
No evidence was introduced regarding the victim’s resources or the victim’s
ability to pay expenses incurred as a result of Bryant’s offense, and nothing
in the record in this case indicates that the trial court considered either.  Consequently,
we hold that the trial court abused its discretion in revoking Bryant’s
community supervision without giving due consideration to the factors that,
pursuant to Article 42.037(h), it “shall consider.”  We sustain appellant’s
second issue.  

The
judgment revoking Bryant’s community supervision and adjudicating his guilt is reversed,
and the cause is remanded for further proceedings consistent with this opinion.

 

 

                                                                                    JOHN
G. HILL

                                                                                    JUSTICE

September 29,
2011

Publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]










[1]Article 42.12, section 21(c)
provides: 

In a community supervision revocation hearing at which
it is alleged only that the defendant violated the conditions of community
supervision by failing to pay compensation paid to appointed counsel, community
supervision fees, or court costs, the state must prove by a preponderance of
the evidence that the defendant was able to pay and did not pay as ordered by
the judge.  The court may order a community supervision and corrections
department to obtain information pertaining to the factors listed under Article
42.037(h) of this code and include that information in the report required
under Section 9(a) of this article or a separate report, as the court directs. 





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.