02-11-008 & 009-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

NOS. 02-11-00008-CR
          02-11-00009-CR

 

 


 
 
 AIKEM JHIMAY HILL
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE
 STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I. Introduction

In a single point, Appellant Aikem
Jhimay Hill complains that he received ineffective assistance of counsel.  We
affirm.

II. Factual and Procedural History

The State charged Hill with two
separate cases of burglary of a habitation.  In exchange for pleading guilty to
these charges, Hill received seven years’ deferred adjudication community
supervision and a $700 fine in each case.  Around nine months later, the State
filed petitions to proceed to adjudication in each case, alleging that Hill had
violated his community supervision’s terms and conditions.

At the hearing on the State’s
petitions to proceed to adjudication, Hill pleaded “not true” to the State’s
allegations that he committed a new offense by intentionally or knowingly
causing bodily injury to a child and that he failed to pay his supervision or
crime stoppers fees.

With regard to the injury-to-a-child
allegation, Maricelo Vara, a Tarrant County Public Health Department employee,
testified that on August 10, 2010, she saw Hill grab a two- or three-year-old
child by the arm, yank the child up, and take a swing at the child, hitting the
child in the chest with his closed fist while he and the child were in the
waiting room.  Vara said that the first time Hill grabbed the child, he told
him to sit still; the second time—when he struck the child—“he told him to shut
the ‘F’ up.”  The child began crying loudly.  Vara went to her supervisor and
told her what she had seen.  Her supervisor instructed her to call the
constable.

Tarrant County Sheriff’s Office
Deputy Tiffany Lewis was dispatched to the county health department and asked
Hill what had happened.  Hill told Deputy Lewis that the child, David (a
pseudonym), had knocked over some water and that he had tried to get David to
sit down and be quiet; Hill claimed that he had not physically touched David
since spanking him “on his butt” in the car in the parking lot.  Deputy Lewis
spoke with Latrena Cortez, David’s mother, who told Deputy Lewis that she did
not see the incident.

Cortez gave Deputy Lewis permission
to see David.  When Cortez lifted David’s shirt, Deputy Lewis said that David flinched,
made a protective motion over his abdomen, and began to cry.  Deputy Lewis did not
see any visible signs of injury to David, but he had a port on his lower
abdomen with a plug on it—Cortez told her that he had had the G-port since his
birth and that it was a feeding tube that he no longer needed.  Cortez told
Deputy Lewis that she did not think Hill had done anything wrong because she
had given him permission to hit David on his arms.

Deputy Lewis also testified without
objection about speaking with two other witnesses, Mr. and Mrs. Slanka, who
informed her that they were sitting across from Hill in the waiting room.  Deputy
Lewis testified that Mr. Slanka told her that he saw Hill “strike the child in
the stomach area leading to the incident where the water was wasted, and he saw
[Hill] physically grab the child and push him down into the chair where he was
seated next to him.”

Contrary to Deputy Lewis’s testimony,
Cortez said that she saw the incident and that Vara could not have because
Cortez was standing in front of her.  Cortez said that David had been pouring
water from his water bottle onto the floor and that she asked Hill to snatch the
bottle out of David’s hands.  Cortez said that Hill had just been trying to
calm David, who had been fussy.  She did not see Hill hit David.  Later, she
took David to Cook Children’s hospital for x-rays, but the hospital staff did
not find any broken bones and told her that David was fine.  Cortez said that
she had given Hill permission to discipline David; she acknowledged that she
had signed an affidavit of nonprosecution the day before the hearing and that
she was pregnant with Hill’s child.

Hill testified that he did not cause
bodily injury to David, that he did not hit David with his fist, that Vara had
just seen him snatch the water bottle out of David’s hands, that the Slankas
had been mistaken about seeing him strike David, and that Cortez had given him
permission to discipline David.  Hill also said, “Everything that those people
said was true up until the strike,” and he claimed that the incident had not
been investigated properly.  He also said that he did not have the money to pay
his community supervision fees.

After hearing the evidence, the trial
court found the injury-to-a-child allegation true; it adjudicated Hill guilty in
both burglary cases and sentenced him to ten years’ confinement in each case,
to be served concurrently.  This appeal followed.

III. Ineffective Assistance of
Counsel

In his single point, Hill
complains that he was denied effective assistance of counsel because his trial
counsel failed to make a Confrontation Clause objection to Deputy Lewis’s
recitation of the Slankas’ testimonial, out-of-court statements.

To establish ineffective assistance
of counsel, appellant must show by a preponderance of the evidence that his
counsel’s representation fell below the standard of prevailing professional
norms and that there is a reasonable probability that, but for counsel’s
deficiency, the result of the trial would have been different.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999).

The record is devoid of evidence
regarding counsel’s reasons or strategy for not objecting, and Hill did not
file a motion for new trial.  Therefore, no record has been developed regarding
why counsel did not object, and we are unable to determine counsel’s reasons
for his actions or intentions.  Because counsel’s action could have been part of
a reasonable trial strategy, without more, we must defer to counsel’s decisions
and deny relief.  See Garza v. State, 213 S.W.3d 338, 347–48 (Tex. Crim.
App. 2007) (overruling appellant’s complaint that trial counsel’s failure to
object to hearsay testimony that violated the Confrontation Clause was
ineffective assistance when counsel’s reason for failing to object did not
appear in the record and his conduct could have been part of a reasonable trial
strategy).  Further, notwithstanding Deputy Lewis’s testimony about the
Slankas, the trial court also heard Vara’s account that she saw Hill strike
David and Deputy Lewis’s account of her examination of David and his reaction,
as well as Cortez’s and Hill’s versions of the events in the waiting room.  Because
the evidentiary standard here is preponderance of the evidence, we cannot say
that there is a reasonable probability that the result of the trial would have
been different.  See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Rickels
v. State, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006).  We overrule
Hill’s sole point.

IV. Conclusion

Having overruled Hill’s sole point,
we affirm the trial court’s judgment.

 

 

                                                                             PER
CURIAM

 

PANEL:  MCCOY, J.; LIVINGSTON,
C.J.; and DAUPHINOT, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 17, 2011









[1]See
Tex. R. App. P. 47.4.