NO. 07-11-0372-CR
NO. 07-11-0373-CR
NO. 07-11-0378-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 4, 2013

JOSE HERNANDEZ GARCIA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3349; HONORABLE RON ENNS, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jose Hernandez Garcia pled guilty, in three causes, to indecency with a child and to aggravated sexual assault of a child. The pleas were made as part of a plea bargain. Thereafter, the adjudication of his guilt was deferred in each prosecution, and the trial court placed him on community supervision. During the term of that supervision, the State moved to adjudicate his guilt in all three prosecutions. It did so because he allegedly violated three conditions of his community supervision. The first pertained to

avoiding the commission of a new offense; the new offense he allegedly committed was aggravated sexual assault of a child. The second involved his being in the presence of a minor without supervision. The third condition involved the payment of fees, but the averment pertaining to it was waived. Upon hearing evidence, the trial court found the first two allegations true, adjudicated him guilty of the underlying offenses, and levied sentence. Appellant now argues that insufficient evidence supports the trial court's findings and that it erred in denying his motion to suppress his inculpatory statement. We affirm.

*Motion to Suppress*

Appellant sought to suppress his written statement given to Detective Jordan because it resulted from an oral statement given to a polygraph examiner. Since "[n]owhere in the record does it appear . . . [appellant] was given any 'Miranda' admonishments before the disclosure was made" to the polygraph examiner, it and any ensuing statements were subject to suppression, according to appellant. We overrule the issue.

Exhibit 4 proffered at the suppression hearing consisted of a document entitled "Stevens Polygraph Service Polygraph Examination Warning/Release." Appellant signed it at 2:45 p.m. as part of the polygraph examination at issue. In addition to it containing admonishments encompassing what have become known as the Miranda warnings, it also had the following verbiage:

> After being advised of my rights, *I do hereby request*, voluntarily, without any threats, promises of reward or immunity, *that I be examin*ed on the polygraph. *I request* the necessary attachments be placed on my person where necessary. I forever hold harmless the Polygraph Examiner . . . . I

agree the results of this examination may be made available to the proper authorities.

(Emphasis added).

Next, appellant admitted to executing "a piece of paper" *before* undergoing the examination. He also described the document as the "usual" one attendant to the routine polygraphs required as a condition of his probation. Furthermore, the investigating officer, *i.e.*, Jordan, who stood outside the examination room, testified that upon his entry into the room, he asked the examiner if appellant had been Mirandized. The examiner replied in the affirmative. The officer confirmed this with appellant, who also acknowledged understanding the nature of the document he signed.

At this point, we note that the language in the "Warning/Release" instrument we italicized above is prospective in nature. That is, its tense connotes acquiesence to something about to occur, as opposed to something that has occurred. We couple that with appellant's own statement about signing the "usual" document *before* undergoing the examination, and the detective's testimony about the examiner having admonished appellant before the detective entered the examination room. Together, they permit one to reasonably conclude that appellant not only was Mirandized before uttering any inculpatory statements to the examiner but also understood those admonishments. So, the foundation underlying his argument is non-existent. Irrespective of whether undergoing the polygraph was a custodial interrogation (something we do not decide), appellant had received his Miranda rights in writing before he admitted having sex with a particular minor.

*Sufficiency of the Evidence*

Next, appellant argues that the evidence was insufficient to establish that he committed aggravated assault upon a minor by having sex with a female under the age of fourteen. Assuming *arguendo* that the pertinent standard of review is one of sufficiency rather than abused discretion, *Rickels v. State,* 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006) (stating that our review is limited to determining whether the trial court abused its discretion), appellant's inculpatory statement alone suffices to fill the purported void. He admitted to the act, which admission comported with the victim's own testimony. So, we overrule the issue.

Accordingly, the judgments are affirmed.


Brian Quinn
Chief Justice

Do not publish.