**MODIFY and AFFIRM; and Opinion issued April 30, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01305-CR
No. 05-12-01306-CR

**CHAD BLAKELEE HIGHTOWER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-33192-W, F10-33202-W**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

Chad Blakelee Hightower appeals from the revocation of his community supervision in each case. In a single point of error, appellant contends the trial court abused its discretion by revoking his community supervision. We affirm the trial court's judgments. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Appellant waived a jury and pleaded guilty to two offenses involving theft of property valued at $1,500 or more but less than $20,000. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4) (West Supp. 2012). In each case, the trial court assessed punishment at two years' confinement in a state jail, probated for five years. The State later moved to revoke community supervision, alleging appellant violated several conditions of community supervision, including condition (q) by failing to pay restitution as directed, being delinquent $13,921, and not paying $4,000 as court ordered by August 16, 2012. During a hearing on the motions, the State struck all of the allegations except the one involving appellant's failure to pay restitution. Appellant pleaded not true to the allegation.

Community Supervision Officer Cornichie DeVore testified that at a hearing conducted on August 7, 2012, appellant was ordered to pay $4,000 restitution directly to Porter Truck Sales within ten days. DeVore testified she did not know whether appellant paid Porter, but the probation department never received any payments from appellant.

Davy Compton, the manager of Porter Truck Sales, testified that during a previous hearing, the trial court ordered appellant to pay his company $4,000 within ten days. At that hearing, appellant promised he would "transfer some money from one of his accounts and he should be able to pay within a ten-day period." Compton testified his company has not received any payments from appellant.

At the end of Compton's testimony, the trial judge asked him to state on the record why the order to pay $4,000 was given to appellant at the August 7, 2012 hearing. Compton testified that during the August 7 hearing, appellant's attorney stated on the record that appellant had promised to put money into his account the previous day so he would have it to pay when he came to court. The trial judge then stated the reason she had ordered appellant to pay $4,000

within ten days at the August 7 hearing was because appellant testified under oath that he could give that amount to Porter Truck Sales and he was capable of transferring money from one of his accounts.

Appellant's mother testified that in August 2012, appellant worked for a construction company, he was paid weekly in varying amounts from $900 to $1200, and the company deducted $178 weekly for court-ordered child support. Mother testified that at the time of the August 7 hearing, appellant had about $2,000 in the bank. However, appellant became aware that the money being withheld for child support was not going to the Attorney General's office, so he had to use the $2,000 for child support payments. Mother also testified that the paychecks appellant received from his employer bounced. Therefore, appellant did not have the ability to pay the $4,000 within ten days. Mother offered to pay the $4,000 and then have appellant repay her.

During cross-examination, the trial judge asked Mother why appellant would not know his child support was not being paid if he saw his son every other week for visitation. Mother did not know. The trial judge also asked Mother why she knew so much about her son's finances. Mother testified she lived with appellant for a few months and knew exactly how much money he made, although she had "no idea he had any issues with the law." The trial judge stated she found it odd that appellant talked to her about his financial issues but not about the cases pending against him. The trial judge granted the State's motion, revoked appellant's community supervision, and assessed punishment at two years' confinement in a state jail.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a

-3-

preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763–64.

Appellant contends the trial court abused its discretion by revoking his community supervision on the ground that he failed to pay restitution as ordered. Appellant asserts he presented valid evidence of his inability to pay the restitution by the date ordered. Appellant argues that because he had a witness who testified she would make the $4,000 payment immediately and allow appellant to repay her, and he needed to provide support and guidance for his young son, the trial court abused its discretion in revoking his community supervision.

Compton testified that appellant never paid the restitution that was ordered. Appellant's mother testified that at the time appellant was ordered to pay the $4,000 within ten days, he had about $2,000 in the bank and was being paid weekly by his employer. However, appellant had to use the $2,000 for child support, and his paychecks bounced. It was the trial judge's role, as the fact-finder, to reconcile any conflicts in the evidence. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). The trial judge was free to accept or reject any and all of the evidence presented by either side. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

We conclude the evidence is sufficient to support the trial court's finding that appellant had the ability to pay the restitution and did not do so. Thus, the evidence is sufficient to support the trial court's finding that appellant violated condition (q) of his community supervision. Therefore, the trial court did not abuse its discretion in revoking appellant's community supervision in each case. *See Rickels*, 202 S.W.3d at 763; *Sanchez*, 603 S.W.2d at 871. We overrule appellant's sole point of error.

-4-

We note the judgment in cause no. 05-12-01306-CR recites appellant pleaded true to the allegations in the motion to revoke. Appellant, however, pleaded not true to the only allegation that was pursued by the State. Accordingly, we modify the judgment to show appellant pleaded not true to the allegation. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.─Dallas 1991, pet. ref'd).

In cause no. 05-12-01305-CR, we affirm the trial court's judgment. In cause no. 05-12-01306-CR, we affirm the trial court's judgment as modified.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121305F.U05

-5-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHAD BLAKELEE HIGHTOWER,
Appellant

No. 05-12-01305-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F10-33192-W).
Opinion delivered by Justice O'Neill,
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered April 30, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHAD BLAKELEE HIGHTOWER, Appellant

No. 05-12-01306-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F10-33202-W).

Opinion delivered by Justice O'Neill, Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to Motion to Revoke" is modified to show "Not True."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered April 30, 2013.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE