**Affirmed and Memorandum Opinion filed February 10, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01036-CR

---

### SAMUEL JAMES BENITEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1367801**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of "guilty" pursuant to a plea bargain for the offense of kidnapping. The trial court deferred adjudication and placed appellant on community supervision for five years. Subsequently, the State filed a motion to adjudicate. The trial court adjudicated guilt, sentenced appellant to confinement for five years in the Institutional Division of the Texas Department of Criminal Justice, and assessed a $500 fine. The trial court suspended appellant's sentence

and placed him on community supervision for five years. The State later filed a motion to revoke community supervision. Following a hearing, the trial court found appellant violated the terms and conditions of his community supervision, revoked his community supervision, sentenced him to five years, and assessed a $500 fine. Specifically, the trial court found appellant violated the conditions of his community supervision by (1) committing "an offense against the State of Texas;" to wit, harassment and (2) failing "to participate in a batterer prevention program (BIPP) as ordered." Appellant filed a timely notice of appeal. We affirm.

On appeal, Appellant argues (1) the evidence is insufficient to support the finding of harassment and (2) the trial court erred when it revoked community service for appellant's failure to participate in the batterer prevention program without first conducting a hearing to determine appellant's ability to pay for such program.[1] Because we conclude that the evidence supports the trial court's first finding, we need not determine whether appellant's plea of true waives his challenge to the second finding or otherwise address the merits of appellant's challenge to the second finding based upon *Mathis v. State,* 424 S.W.3d 89, 94 (Tex. Crim. App. 2014). *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2011) (proof of a single violation will support a judgment revoking community supervision).

### THE EVIDENCE

Margarita Rivera (formerly Margarita Soto) is appellant's ex-wife and they have a daughter. Rivera testified that after appellant got out of jail on July 31,

---

[1] Citing *Mathis v. State*, 424 S.W.3d 89, 94 (Tex. Crim. App. 2014), appellant urges that the trial court was required to hold a hearing on his ability to pay for the BIPP prior to revoking his community supervision for failure to attend the program. In *Mathis*, the Court of Criminal Appeals determined that a trial court must consider a defendant's ability to pay before imposing monetary conditions of probation. *Id*.

2013, she received about 500 to 600 messages on her phone and was "majorly scared." Rivera had previously asked appellant not to contact her after he appeared at her work place on August 1, 2013. Rivera told appellant not to look for her anymore, that she did not want anything to do with him, and not to contact her or their daughter. Appellant was violent and used profanity, embarrassing Rivera. Rivera testified that appellant did not stop. "It got worse. . . . lots and lots of messages, phone calls kept coming in, voice mails . . ." Rivera testified the messages were "a mixture of things from Bible songs to just wanting to get back with me, explaining what he had previously done."

Rivera testified that appellant was also harassing her by following her to stores. In early September, appellant entered Rivera's house about 3:00 in the morning and came up the stairs. Rivera saw him and called out her son's name. Appellant closed the door and left. Rivera got under her bed and called 911. Rivera testified she was very scared and could not stop shaking. Rivera said she was scared appellant could hurt her and believed that he would not leave her alone. Rivera did not believe probation would keep appellant away from her.

Deputy Arnett testified that he was dispatched to Rivera's home on September 13, 2013. Rivera advised him that appellant was her ex-husband and he had been sending harassing text messages and phone calls for the last few days. Arnett observed two text messages that were identified by Rivera's contact list as coming from appellant. The first message was, "Answer the phone, scared bitch, I have some choice words for you." The second message read, "Hey, bitch, I know where you live." Arnett observed Rivera receive seven or eight phone calls in a period of 20 minutes while he was obtaining her information. Arnett testified Rivera appeared scared and frustrated and Rivera said that she was scared of appellant.

Appellant denied making numerous phone calls. He admitted to calling Rivera three times on September 13, 2013, because he wanted to see his daughter. Appellant said he left Bible verses on Rivera's phone. Appellant testified that he did not send the text messages that Arnett recounted. Appellant denied going to Rivera's home at 3:00 in the morning in September 2013.

## APPLICABLE LAW

We review an order revoking community supervision for abuse of the trial court's discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In determining the sufficiency of the evidence in community-supervision revocation cases, the burden of proof is by a preponderance of the evidence. *Id.* If the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his probation, the evidence is sufficient to support the trial court's order revoking community supervision. *Id.* at 763–64.

A person commits the offense of harassment, as applicable here, if, with intent to harass or alarm another, the person "causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." Tex. Penal Code Ann. § 42.07(a)(4) (West, Westlaw through 2013 3rd C.S.). Although appellant urges that the record evidence regarding the phone calls and text messages is hearsay and not the best evidence, the trial court received such evidence without objection. *See* Tex. R. App. P. 33.1(a). Any objections were waived.

Based on the evidence presented and admitted, the trial court reasonably could have believed that appellant harassed Margarita Rivera.

We conclude the trial court did not abuse its discretion in finding by a preponderance of the evidence that appellant violated the terms and conditions of his community supervision. Appellant's issue is overruled and the judgment of trial court is affirmed.

/s/     Sharon McCally
Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).