IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0631-05






TERRY N. RICKELS, Appellant


 

v.



THE STATE OF TEXAS







ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW 


FROM THE THIRTEENTH COURT OF APPEALS

BEE COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, PJ., Price,
Womack, Johnson, Keasler, Holcomb and Cochran, JJ., joined. Meyers, J.,
dissented.


O P I N I O N


 In December 1992, a jury convicted appellant of indecency with a child by touching and
indecency with a child by exposure. On January 21, 1993, appellant was placed on ten years
probation. On February 24, 2000, the trial court amended appellant's probation conditions by adding
several new ones. One of these amended probation conditions prohibited appellant from going
"within three hundred (300) feet of any premises where children 17 years or younger congregate or
gather." The trial court revoked appellant's probation based on its finding that appellant violated
this probation condition by "intentionally and knowingly" going "within 300 feet of a premise where
children 17 years or younger congregate or gather, to wit: [a specifically named elementary school]." 
The issue in this case is whether the Court of Appeals erred to decide that the trial court did not
abuse its discretion to find by a preponderance of the evidence that appellant violated this probation
condition.

 After the trial court added the new probation condition prohibiting appellant from going
within 300 feet of a premises where children 17 years or younger congregate or gather, appellant
leased a home that was near an elementary school in the summer of 2000. We understand the record
to reflect that part of appellant's property-his front yard and the front door of his home--was within
300 feet of the school's property line. Evidence was presented that the school was not visible from
anywhere on appellant's property. The evidence, however, also showed that a large school-zone sign
with a flashing yellow light was clearly visible from appellant's front yard and his front door. (1) We
understand the parties' exhibits to show that appellant's entire property was within 300 feet of this
school-zone sign. (Emphasis added). No direct evidence was presented that anyone ever saw
appellant in his front yard or going through his front door.

 A Dallas County Probation Department field officer (Rickets), with an average of 135 sex-offenders to monitor, testified that he made several field visits to appellant's home and that he did
not see the school or the school-zone sign until a little over a month after appellant had moved into
the home. (2) Rickets testified that appellant was always inside his home during the field visits. 
Rickets testified that the route he took to appellant's home did not take him by the school.

 Q. [STATE]: Now, what-tell the Court why it is that you didn't know there was an
elementary school up the street.


 A. [RICKETS]: Well, the way it was situated, the way I came to his house, I went up
a hill.


 Q. Okay.


 A. And his house sits, like, almost in the middle of the hill. It's on the left side. And
I was concentrating on the house, and the school was, I guess, within 300 feet, but I
could not tell from where I was. The trees and, I guess, the child safety zone sign,
I just did not see it.


 Q. Okay.


 A. I mean, I just didn't see it.


 Q. Just flat out didn't see it?


 A. Didn't see it.


 Q. Is his house on a corner there?


 A. No.


 Q. Okay.


 A. No. The school is on a corner but sits back.


 Q. Okay. And when you left his house, did you not drive by that school?


 A. I went right back down the hill the way I came in.


 Q. You did a U-turn in front of his house?


 A. Right.


 Q. And went right back down the hill?


 A. Right. Didn't think anything about it.


 Q. Okay.


 A. And it looked like he was complying with everything at the time-


 Q. Okay.


 A. -that I could tell.


 Q. Okay. You have since learned otherwise?


 A. Yeah. Yeah. I heard that, you know, there was a school. And then I went back
out to check, and low and behold, there was a school.


 Q. Did you get in a lot of trouble for that?


 A. No. I mean, we make mistakes. I do a good job.


 In closing arguments to the trial court, the defense argued that there was no evidence that
appellant "intentionally and knowingly" moved within 300 feet of the school since there was no
evidence that appellant "even knew the school was there."

 There is no mention by [Rickets] that he saw the school before he was informed of
the school. This is a man who is trained to look for these things. This is a man who
has worked that area for quite some time. His sole purpose is to look for these
things.


 He went there several times, as a matter of fact, the middle of the day supposedly,
when school would have been in session.


 There is no testimony at all whatsoever that [appellant] even knew the school was
there. So there is no evidence that he intentionally and knowingly moved within the
300 feet which is a requirement to find him guilty if we figure out how to measure
the 300 feet.


 There is evidence, though, that you could not see the school because of a hill. 
Everybody describes a big hill. Everybody describes a distance. Everybody
describes the trees and the shrubs, and they are talking about this in broad daylight.


 The State argued that the evidence showed that "there is no question that [appellant] knew
he was moving near a school."

 In rebuttal to the argument of the Defense attorney, there is no question that
[appellant] knew he was moving near a school. He moved in on or about that date
that is alleged in the petition. He was there for at least a month. He never advised 
the probation officer, the field officer, that "I might be in violation. Would you
please check and find out for me? Am I close enough to this school to have a
problem?"


 Whether the school is in or out of session, either way it concerns me because he is
moving in. Say, it's during the summer months. How perfect. What a better time
than to move close to an elementary school, get all settled in, have a field officer
come by and not see any kids come around. Board up my windows so nobody can
see in or what I'm doing. Put a padlock on the front door.


 All of those things are extremely telling of his intent. His intent can be inferred by
the fact that he moved right down the street from an elementary school, Your Honor.


 In the original case he is alleged to have molested a three-year-old, and there were
some other children involved in that jury trial.


 Why a jury out of this county put him on probation, I don't know, but he was put on
probation. And he was specifically told a number of times by his probation officer
out of Dallas County that what his-what this 300-foot zone meant and that he had to
stay away from all children. He couldn't even go to garage sales or to flea markets
much less live down the street from a school.


 So he knew full well what his zone was and he violated that when he moved in. And
the fact that [Rickets] didn't catch it right away is just a problem with too many
cases. I think [Rickets] said he had over 200 cases on his docket, maybe closer to
400 that he had to watch.

 

 The Court of Appeals initially decided on direct appeal that the 300-foot probation condition
was too vague to be enforced because it did not specify how the child safety zone was to be
measured from appellant's property to the school. See Rickels v. State, 69 S.W.3d 775, 778
(Tex.App.-Corpus Christi 2002, pet. granted). This Court reversed this decision on discretionary
review and decided that "[t]he only measurement that is at issue is from [appellant's] body to
premises where children congregate" and that "[w]hat matters is whether [appellant] himself went
within 300 feet of [the school]." See Rickels v. State, 108 S.W.3d 900, 902-03 (Tex.Cr.App. 2003). 
This Court also decided that "the property line of the school is . . . the proper boundary from which
to measure" and that "[t]here is nothing vague about a measurement from [appellant's] body to the
boundary line of the school." See id. We remanded the case to the Court of Appeals to consider
appellant's remaining points of error. See id.

 On remand, the Court of Appeals decided that the trial court did not abuse its discretion to
revoke appellant's probation because "the facts adduced at the [probation revocation] hearing lend
support to the trial court's finding that [appellant] went within 300 feet of the elementary school." 
See Rickels v. State, No. 13-01-00042-CR slip op. at 5 (Tex.App.-Corpus Christi, delivered March
10, 2005) (not designated for publication). The Court of Appeals stated:

 The trial court found that [appellant] "intentionally and knowingly [went] within
three hundred (300) feet of a premise where children 17 years or younger congregate
or gather, to wit: Sidney Lanier Elementary School." The evidence at the revocation
hearing demonstrated that [appellant] moved into a home around the corner from an
elementary school. A special speed-limit sign noting the presence of a school zone
and equipped with a flashing yellow light was visible from the front door of
[appellant's] home. The distance from [appellant's] front door to the child safety
zone (i.e., the property line of the school) (footnote omitted) was within the 300 feet
limitation imposed by the conditions of his probation. Although the witnesses who
testified as to the measurements they took did not see [appellant] entering or exiting
his home through the front door or otherwise using the front area of the property, the
trial court could reasonably infer that [appellant] used the front door or entered the
front yard of his property at some point while residing there. (Citation omitted).


 We conclude that the facts adduced at the hearing lend support to the trial court's
finding that Rickels went within 300 feet of the elementary school, and therefore this
finding did not constitute an abuse of discretion. Accordingly, Rickels's remaining
issue is overruled and we affirm the decision of the trial court revoking his probation.

 

Rickels, slip op. at 5.

 We exercised our discretionary authority to review this decision. The ground upon which
we granted review states:

 The Court of Appeals erred in holding that the trial court did not abuse its discretion
in revoking petitioner's probation for going within 300 feet of an elementary school
when the only evidence presented was that a portion of petitioner's property, rather
than petitioner himself, was within 300 feet of the school's property line.[ (3)]

 

 Appellant argues that "there was absolutely no evidence introduced that [he] used, or was
even able to use, the front door to enter his home, and no evidence physically placing him in his front
yard." We understand appellant to emphasize that the evidence of the padlock on his front door
indicates that he used an alternative entrance to his home outside 300 feet of the school property line. 
He further claims that "the Court of Appeals' opinion has decreased the State's burden of proof in
probation revocation cases from a preponderance of the evidence standard, to only a scintilla of
evidence standard."

 Appellant's brief on discretionary review, with its emphases, citations to the record and
authorities removed, specifically recognizes:

 No witness ever physically placed Appellant himself within the 300-foot child safety
zone. However, Appellant's condition was not that his estimated property line must
be at least 300 feet from the nearest point of the curb of a school, but rather, that
Appellant himself, "not go within three hundred (300) feet of any premises where
children 17 years or younger congregate or gather". As this Court previously stated,
"[t]he only measurement that is at issue is from [Appellant's] body to premises where
children congregate.


 "Appellate review of an order revoking probation is limited to abuse of the trial court's
discretion." Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984). In determining questions
regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a
preponderance of the evidence. Id. This Court has stated that "an order revoking probation must
be supported by a preponderance of the evidence; in other words, that greater weight of the credible
evidence which would create a reasonable belief that the defendant has violated a condition of his
probation." Scamardo v. State, 517 S.W.2d 293, 298 (Tex.Cr.App. 1974).

 In this case, we agree with the Court of Appeals that the trial court did not abuse its discretion
to find that appellant himself was on a portion of his property that brought him within 300 feet of
the school's property line where children congregate or gather. It was not unfair or unreasonable for
the trial court to have inferred this ultimate fact from the basic fact that appellant's front yard and
front door were within 300 feet of this line. Cf. Lacour v. State, 8 S.W.3d 670, 671 (Tex.Cr.App.
2000) (a legal sufficiency standard is meant to give "full play to the [jury's] responsibility fairly" to
"draw reasonable inferences from basic facts to ultimate facts"). Appellant essentially asks this
Court to decide that a factfinder cannot reasonably find as a basic fact that a residential property
owner/lessee goes into his front yard and uses his front door. We decline to do so.

 We also note that the record appears to reflect that appellant's front door was 296 feet from
the school property line. For example, appellant presented testimony from a private investigator
(Christopher) that there was a distance of 296 feet "from [appellant's] door to the [school] curb." 
See also Rickels, 108 S.W.3d at 901 (describing the various measurements taken in this case). The
trial court could have also reasonably found that appellant was, at some time during his probationary
term, within four feet of his front door while inside his home. We are unable to conclude that the
trial court abused its discretion to find by a preponderance of the evidence that appellant violated his
probation.

 The judgment of the Court of Appeals is affirmed. 

 Hervey, J.


Delivered: September 27, 2006

Publish
1. We note that Section 7B.08 of the 2003 Texas Manual on Uniform Traffic Control Devices
(MUTCD) requires that a school-zone sign be installed not less than 150 feet or more than 700 feet
"in advance of the school grounds or school crossings."
2. Rickets testified that the purpose of a field visit is to "make sure there is no children around;
go in the homes and make sure there is no pornographic materials, little kids toys, and that type of
stuff." Rickets also testified that the bottom portion of the windows of appellant's home were
covered by cardboard and that appellant's front door had a padlock on it. Rickets testified that these
things did not concern him at the time. He also testified that the cardboard over the bottom of
appellant's windows prevented him from seeing inside appellant's home.
3. We note that the condition of probation at issue actually states "within 300 feet of a premise
where children 17 years or younger congregate."