**Opinion filed January 6, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00064-CR

_____

## EDWARD LLOYE WELLS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR20067**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment revoking community supervision. We affirm.

*Procedural Background*

In April 2009, the trial court adjudicated seventeen-year-old Edward Lloye Wells, upon his plea of guilty, of engaging in the delinquent conduct of the aggravated sexual assault of his two-year-old cousin. The trial court entered an order for determinate sentencing pursuant to TEX. FAM. CODE ANN. § 53.045 (Vernon 2008). The trial court assessed his punishment at confinement for ten years; however, the imposition of the sentence was suspended and appellant was placed on community supervision for ten years. In June 2009 when he turned eighteen,

appellant was transferred to the adult system where the trial court entered a judgment convicting him, upon his plea of guilty, of aggravated sexual assault of a child and assessed punishment at confinement for ten years. Pursuant to the plea bargain agreement, the trial court suspended the imposition of the sentence and placed appellant on community supervision for ten years. At the December 17, 2009 hearing on the State's motion to revoke, appellant entered pleas of true to nine of the State's allegations. The State waived its remaining four allegations. The trial court found that appellant had violated the terms and conditions of his community supervision, revoked his community supervision, and imposed the original sentence of confinement for ten years.

*Issue on Appeal*

In his sole issue on appeal, appellant argues that his pleas of true were not knowingly and voluntarily entered. Appellant contends that, when he was transferred to the adult system under TEX. FAM. CODE ANN. § 54.051 (Vernon 2008), he was told that his sentence could be assessed at five years (instead of the original ten years in his plea bargain agreement) if his community supervision was revoked. Therefore, appellant argues that his pleas of true were not knowingly and voluntarily entered.

*Analysis*

The judgment of conviction properly states the applicable range of punishment as a term of five to ninety-nine years or life and an optional fine of up to $10,000.[1] When he entered his pleas of true at the revocation hearing, the trial court admonished him concerning the effect and the consequences of his pleas of true and the total range of punishment. The trial court inquired as to the reasons behind appellant's pleas of true and whether he had been promised anything or threatened in any way. The trial court also specifically informed appellant that the maximum sentence he could receive was ten years and that "everything above 10 years, [he was] not facing." Appellant indicated that he understood and that he was entering his pleas freely and voluntarily. The trial court then accepted appellant's pleas and proceeded to hear the testimony.

The record affirmatively reflects that the trial court properly admonished appellant and that his pleas of true were knowingly and voluntarily entered. The fact that appellant received the maximum years of confinement available under his original plea bargain agreement does not establish that his pleas were not voluntarily and knowingly entered. Appellant has not

---

[1]TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010).

established that the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The issue is overruled.

*Holding*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

January 6, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.