

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00565-CR

Paul Scott **MARQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8313
Honorable Dick Alcala, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
        Marialyn Barnard, Justice
        Rebeca C. Martinez, Justice

Delivered and Filed:  July 10, 2013

AFFIRMED

The sole issue presented in this appeal is whether the trial court abused its discretion in revoking Paul Scott Marquez's community supervision because the evidence is insufficient to support a finding that he violated the terms and conditions of his probation. We affirm the trial court's judgment.

### STANDARD OF REVIEW

We review a trial court's order revoking probation under an abuse of discretion standard. *Hacker v. State*, 389 S.W.3d 850, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759,

763 (Tex. Crim. App. 2006). "In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence." *Rickels*, 202 S.W.3d at 763; *see also Hacker*, 389 S.W.3d at 864-65. The State meets this burden if the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763-64. "[T]he trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker*, 389 S.W.3d at 865.

## DISCUSSION

The terms and conditions of Marquez's community supervision prohibited him from: (1) possessing or accessing any Internet or computer-based material "that is sexually oriented and/or portrays the nudity of a child or an adult;" (2) using any computer "which can access the Internet which has not been previously approved by the Supervision Officer or Court;" and (3) using the Internet to access material that is obscene. In addition, any computer located in Marquez's household or workplace was required to be monitored through Remote-Com, an internet monitoring service provider. In its motion to revoke, the State alleged that Marquez: (1) accessed Internet or computer-based material that is sexually oriented and portrayed the nudity of an adult; namely, BestGore.Com; (2) used a computer in his household which was capable of being configured to access the Internet, which had not been previously approved by the supervision officer or court; and (3) used the Internet to access material that is obscene; namely, BestGore.Com.

Franco Olvera, who was in charge of Marquez's probation, has been a probation officer since 1995 and was assigned to the sex offender unit within the Bexar County Adult Probation Department in 1998. Olvera testified that when Marquez was informed of the terms and conditions

of his probation, he disclosed that he had a desktop at his office and a laptop. Marquez stated his intention was to "get rid of" the laptop because "he couldn't afford to monitor the laptop."

When Olvera conducted an unannounced home visit at Marquez's registered address, Olvera observed a desktop in the living area of the house which Marquez stated belonged to his mother. When Olvera admonished Marquez for not informing him about the computer, Marquez "really didn't have an excuse for that." When Marquez showed Olvera his bedroom, Olvera observed two laptops in his room. One of the laptops was in use, playing a DVD. Olvera reminded Marquez that he previously stated he was "going to get rid of the laptop and here we are with two laptops I'm looking at." Olvera then asked whether any additional computers were in the house, and Marquez showed him a "couple of laptops" in the garage which Marquez stated were not working, "that he was fixing for people."

Olvera then ran a search on the laptop that had been playing the DVD because it was not being monitored by Remote-Com, and Olvera "had a feeling that maybe [Marquez] might have been accessing the Internet." After running the search, Olvera noted that the laptop contained temporary Internet files with inappropriate images, including adult pornography. Olvera testified that images from one particular website, BestGore.com, were repeatedly popping up. Photographs taken by Olvera of several of the images found during the search were then introduced into evidence. Olvera testified that some of the photographs contained pornography. Olvera further testified that Marquez admitted accessing the BestGore.com website the previous night. During cross-examination, Olvera admitted that he was unable to tell the dates the images on the computer were accessed other than from Marquez's admission.

Michael Shannon, who also is a probation officer, accompanied Olvera on the home visit. Shannon stated that after Olvera observed images on Marquez's laptop, Marquez acknowledged

to Olvera that he went to a website. Shannon recalled Marquez stating that he liked those type of images.

Marquez's mother testified that Marquez gave her a laptop because he was not supposed to have Internet access. Sometime later, Marquez told his mother that he needed the laptop back because he was working on a website, and the laptop had files he needed. Marquez's mother returned the laptop to him. Marquez's mother admitted that they have Internet access in the home.

Brent Forke testified that Marquez did contract work in website design for his IT company. Forke testified that Marquez was having difficulty accessing a program he needed to complete a website for a client, and his company's technician was unable to assist him. Forke testified that Marquez was able to complete the website using a laptop that he had used to do all of the prior websites. Forke testified that the photographs admitted into evidence were of thumbnail images, and he could not determine the date the images were accessed. Forke stated that the images could have been on the computer for years. Forke admitted that none of the images admitted into evidence relate to a home health agency website, which was the website on which Marquez was working.

Marquez testified that the second laptop in his bedroom belonged to his ex-wife, and he was fixing it. Marquez testified that he was using the other laptop because he needed a website editing tool that he was unable to access on his desktop. Marquez testified that he accessed BestGore.com a few years ago to post a comment about a vicious beating. The comment Marquez posted was admitted into evidence. After posting the comment, Marquez testified that he began receiving spam and notices from BestGore.com when comments were posted. Marquez testified that the spam included thumbnail images; however, he never accessed the images. Marquez testified that Olvera never asked him how many computers were in his home, only how many computers he owned. On cross-examination, Marquez admitted that he had accessed

BestGore.com to view other types of information, including crime scene photos, but did not access any sexual images. Marquez admitted that he never told Olvera that the images he found on the laptop were from the past or were not the images he accessed. Marquez also admitted that BestGore.com had advertisements of a sexual nature on the website, but he stated that he did not access the website to look at pornographic images.

As previously noted, "the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker*, 389 S.W.3d at 865. Because the trial court could have chosen to believe the testimony of Olvera and rejected the testimony of Marquez, the trial court did not abuse its discretion in revoking Marquez's community supervision.

### CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH