

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00586-CR

CYNTHIA GAIL PRIDDY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NO. 52,948-B

----------

## MEMORANDUM OPINION[1]

----------

Appellant Cynthia Gail Priddy appeals the judgment revoking her community supervision. We will affirm.

In April 2013, the trial court convicted Priddy of felony DWI and sentenced her to five years' confinement but suspended imposition of the sentence and placed her on five years' community supervision. Later that same year, in

---

[1]*See* Tex. R. App. P. 47.4.

October 2013, the State filed a motion to revoke Priddy's community supervision, alleging that she had violated several terms and conditions of her community supervision. At a hearing on the State's motion, Priddy pleaded true to three of the State's allegations, the State called Priddy's community supervision officer to testify, Priddy called her boyfriend to testify, and both sides had an opportunity to give closing argument. The trial court found true the same three allegations that Priddy had pleaded were true, revoked Priddy's community supervision, and sentenced her to two years' confinement—three years less than the original sentence that was imposed.

Priddy asserts the following single issue on appeal:

> Whether the trial court abused its discretion through its cursory and perfunctory treatment of Appellant's case at a motion to revoke hearing during which the trial court consistently misapplied the rules of evidence such that the court's conduct rose to the level of deprivation of due process requiring remand.

In thoroughly criticizing both the State's and the trial court's conduct at the revocation hearing, Priddy contends that the "trial court's cumulative rulings on motions and admissibility of testimonial evidence combined with a pattern of flouting the rules of evidence and procedure by the prosecutor deprived Appellant of Due Process at the revocation hearing." We construe Priddy's issue to complain that the cumulative effect of the alleged errors committed by the trial court during the revocation hearing denied her due process as guaranteed by the federal constitution. *See* U.S. Const. amend. XIV.

The doctrine of cumulative error provides that the cumulative effect of several errors can, in the aggregate, constitute reversible error, even though no single instance of error would. *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 1082 (2000). However, for the doctrine to apply, the alleged errors complained of must actually constitute error. *Gamboa v. State*, 296 S.W.3d 574, 585 (Tex. Crim. App. 2009) (reasoning that although it is possible for a number of errors to cumulatively rise to the point that they become harmful, non-errors may not, in their cumulative effect, cause error); *see also United States v. Rivera*, 900 F.2d 1462, 1470–71 (10th Cir. 1990) (addressing same).

In subpart B of her issue, Priddy argues that the trial court improperly allowed the State to introduce her prior testimony, which was hearsay. In portions of subpart C of her issue, Priddy complains of instances in which the trial court permitted the State to give "*de facto* testimony." In subpart D of her issue, Priddy argues that the trial court erred by sustaining a State's objection on the ground that "because there were other violations before it, how it ruled on a specific objection . . . was not important." In part of subpart A of her issue, Priddy complains about the trial court permitting the State to question her boyfriend about an alleged assault committed by her against him. Priddy does not cite a single authority in support of any of these arguments. Consequently, they are inadequately briefed and cannot be considered for purposes of a cumulative error analysis. *See* Tex. R. App. P. 38.1(i); *Gamboa*, 296 S.W.3d at 585.

3

In the remaining portion of subpart C of her issue, Priddy argues that the trial court improperly allowed the State to ask a hypothetical question, but she objected that the question called for speculation. Because Priddy's argument does not comport with the objection that she raised at the revocation hearing, no error is shown and the trial court's ruling cannot be considered for purposes of a cumulative error analysis. *See Santellan v. State*, 939 S.W.2d 155, 171 (Tex. Crim. App. 1997) (requiring argument on appeal to comport with the objection at trial to preserve error); *see also Gamboa*, 296 S.W.3d at 585.

In subpart A of her issue, Priddy argues that the trial court improperly introduced evidence of extraneous offenses by referencing her previous misdemeanor community supervision for DWI. The State asked about Priddy's prior probation on several other occasions throughout the hearing, but Priddy did not assert any objection thereto. Because Priddy did not object each time the alleged inadmissible evidence was offered or obtain a running objection, no error is shown, and the trial court's rulings cannot be considered for purposes of a cumulative error analysis. *See Valle v. State*, 109 S.W.3d 500, 509–10 (Tex. Crim. App. 2003); *see also Gamboa*, 296 S.W.3d at 585.

In subpart E of her issue, Priddy argues that the trial court improperly frustrated her attempt to show that the State was at fault for her failure to check in for weekend jail time. Priddy asked the probation officer, "Would you agree with me that most probationees are generally behind a little money or a little community service?" The State objected to relevance, and the trial court

4

sustained the objection. The trial court did not abuse its discretion by sustaining the objection because whether other probationers had failed to comply with their terms and conditions had no bearing on Priddy's failure to comply with her terms and conditions. *See* Tex. R. Evid. 401; *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011) (applying abuse of discretion standard of review to ruling admitting evidence). Thus, this argument cannot be considered for purposes of a cumulative error analysis. *See Gamboa*, 296 S.W.3d at 585.

Because non-errors may not, in their cumulative effect, cause error, and because Priddy's arguments complaining of alleged error either were not preserved for appellate review or are without merit, there is no error of which to cumulate. We hold that the trial court did not abuse its discretion by revoking Priddy's community supervision. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (applying abuse of discretion standard). We overrule Priddy's sole issue and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 16, 2014