01-15-00313-CR

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

APR - 7 2015

CHRISTOPHER A. PRINE
CLERK_____

NO. 01-15-00248-CR

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE COURT OF APPEALS** |
| | § | |
| **vs.** | § | **FIRST DISTRICT** |
| | § | |
| **NII-OTABIL NELSON** | § | **HARRIS COUNTY, TEXAS** |

## EX PARTE EMERGENCY APPLICATION FOR WRIT OF HABEAS CORPUS

## SEEKING BAIL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Nii-Otabil Nelson, Defendant, and makes this Ex-Parte Emergency Application for Writ of Habeas Corpus Seeking Bail, and for good cause shows the following:

1. Nii-Otabil Nelson is illegally confined and restrained of his liberty by the Sheriff of Harris County, Texas in the Harris County Jail at 701 N. San Jacinto in Houston, Texas. Mr. Nii-Otabil Nelson has been remanded without bond pending a motion to adjudicate for the offense of alleged violation of the terms of his probation, namely failing to complete community service at the correct location.

2. Holding Nii-Otabil Nelson without bond under these circumstances is in violation of the Eighth and Fourteenth Amendments to the United States Constitution, Article I, §§ 11, 13 and 19 of the Texas Constitution, and Articles 1.07 and 17.15 of the Texas Code of Criminal Procedure.

3. Nii-Otabil Nelson respectfully requests this Court to grant an evidentiary hearing and, after receiving evidence, to release him on his own recognizance or alternatively to set a bond in a reasonable amount in order that Nii-Otabil Nelson will have an opportunity to obtain release from incarceration pending trial.

4. Nii-Otabil Nelson's confinement and restraint is illegal because Defendant is held without hearing or due process for over 90 days until the time of hearing. He has no way to prepare for the hearing regarding the alleged violation of probation while incarcerated. Further, Defendant is a brain surgeon who has patients who direly need him. He is not a flight risk nor a danger to society in any way, shape or form.

A capias must be supported by probable cause. See Jones v. State, 119 S.W.3d 766, 786 (Tex. Crim. App. 2003). Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App.2006) We review an order revoking community supervision under an abuse of discretion standard. There was no probable cause to issue the caspias as Defendant showed up for court when he was told by his attorney, adhered to the terms of his probation to the best of his knowledge and has now being detained without hearing for three months, which is unreasonable and Defendant should be entitled to bond. He was given no notice of a capia, but was rather taken into custody immediately upon arriving to court. He was not given any opportunity to explain why the first setting of the alleged violation of probation was reset by his attorney.

As referenced above, Defendant is a brain surgeon and he was out of town in emergency surgery at the time of the first setting and his attorney related that he would obtain a reset. His attorney did indeed obtain a continuance and when Defendant arrived for court, he was not given a hearing on the allegation of probation violation but instead the capia was issued instantly and he was taken into custody.

Pursuant to Art. 23.04 in misdemeanor cases, the capia or summons shall issue from a court having jurisdiction over the case. Secondly, the summons shall issue only upon the request of the attorney representing the State and shall follow the same form and procedure as in a felony matter.

In addition to lack of probable cause and lack of procedural due process, Defendant maintains that the Court lacked jurisdiction because an Appeal was currently pending in this same matter and because no attorney representing the State requested the capia. The judge issued the capia without request of the State. The Court was clearly on notice that there is an appeal pending in this matter found in First Appellate Court Case number: **01-14-00924-CR.** Defendant is informed and believes this Appeal relates to the Court's denial of his motion for new trial and motion to quash. Defendant was forced to request, and did indeed obtain relief, when this same Court wrongfully incarcerated him without bond in 2014.

**WHEREFORE, PREMISES CONSIDERED**, Nii-Otabil Nelson prays that this Court grant this ex-parte emergency application and issue a Writ of Habeas Corpus to the Sheriff of Harris County of Harris County, Texas, directing and commanding the production of Nii-Otabil Nelson before this Court instanter, or at such time and place to be designated by this Court, then and there to show cause, if any there may be, why Nii-Otabil Nelson should not be discharged from such illegal confinement; or that Nii-Otabil Nelson be released on his own recognizance or alternatively allowed bail in a reasonable amount. Nii-Otabil Nelson further prays allowance of immediate release or alternatively bail for Nii-Otabil Nelson in a reasonable amount, conditioned that Nii-Otabil Nelson appear at the hearing to await further orders of the Court.

Respectfully submitted,

Nii-Otabil Nelson
SPN 02168902
Detained
701 N. San Jacinot St. Houston, TX 77002

By:_____
Nii-Otabil Nelson

## CERTIFICATE OF SERVICE

This is to certify that on April 7, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Harris County, by certified mail, return receipt requested.

_____
Aimee Enriquez

**THE STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

## AFFIDAVIT

**BEFORE ME**, the undersigned authority, on this day personally appeared Nii-Otabil Nelson, who being by me duly sworn, upon oath deposes and says:

"I am Nii-Otabil Nelson, Defendant in this cause; I have read the above and it is true and correct."

_____
Nii-Otabil Nelson
Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on ___7th of April___, 2015, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

NORA ELIA OLIVO
Notary Public, State of Texas
My Commission Expires
March 14, 2019

## ORDER OF SETTING

On _____, 2015, came on to be heard the Application of Nii-Otabil Nelson, for a Writ of Habeas Corpus, and it appearing to the Court that Nii-Otabil Nelson is entitled to a hearing on said Application, it is **THEREFORE ORDERED** that the clerk of this Court issue a Writ of Habeas Corpus directed to the Sheriff of Harris County of Harris County, Texas, and commanding the Sheriff of Harris County to have and produce the person of Nii-Otabil Nelson before me in the courtroom of the _____ Court, on _____, 2015, at _____ o'clock, then and there to show cause why the said Nii-Otabil Nelson should not be released from custody on his own recognizance or alternatively on a reasonable bond.

Signed on _____.


_____
JUDGE PRESIDING

## NO. 01-15-00248-CR

| STATE OF TEXAS | § | IN THE FIRST APPELLATE DISTRICT |
|---|---|---|
| | § | |
| vs. | § | |
| | § | |
| NII-OTABIL NELSON | § | HARRIS COUNTY, TEXAS |

## O R D E R

On _____, 2015, came on to be considered Defendant's Application for Writ of

Habeas Corpus Seeking Bail in the above styled and numbered cause, and said motion is hereby

(GRANTED)     (DENIED).

It is therefore Ordered that Nii-Otabil Nelson be released on his own recognizance or

alternatively admitted to Bail in the amount of _____.

Signed on _____.

_____

JUDGE PRESIDING

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE COURT OF APPEALS** |
| | § | **FIRST DISTRICT** |
| **vs.** | § | |
| | § | |
| **NII-OTABIL NELSON** | § | **HARRIS COUNTY, TEXAS** |

## WRIT OF HABEAS CORPUS

TO THE SHERIFF OF HARRIS COUNTY, TEXAS:

**GREETINGS:**

YOU ARE HEREBY COMMANDED to produce before me at the First District Court of Appeals in the County of Harris, State of Texas on the _____ day of _____, 2015, at _____ o'clock _____ the person of NII-OTABIL NELSON, SPN 02168902 whom it is alleged you illegally restrain of his liberty, when and where you will show why you hold the said NII-OTABIL NELSON, SPN 02168902 in custody, or restrain his liberty.

HEREIN FAIL NOT, and return make hereof.

Signed on _____.

_____
JUDGE PRESIDING