ACCEPTED
03-14-00682-CR
6801098
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/4/2015 11:45:30 AM
JEFFREY D. KYLE
CLERK

## No. 03-14-00682-CR

In the
Court of Appeals
Third District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

9/4/2015 11:45:30 AM

JEFFREY D. KYLE
Clerk

---

**Peter Uchechukwu Ezebunwa,**
Appellant

v.

**The State of Texas,**
Appellee

---

Appeal from the 427th Judicial District Court
Travis County, Texas
Cause Numbers D-1-DC-10-206948

---

### STATE'S BRIEF

---

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

Oral argument is not requested

# Table of Contents

Index of Authorities...............................................................................ii

Statement of Facts ...............................................................................1

Summary of the State's Argument......................................................4

Argument.............................................................................................5

    Reply Point: The evidence is legally sufficient to prove, by a
    preponderance of the evidence, that Appellant had care, custody, or
    control of the cocaine.....................................................................5

Prayer ..................................................................................................7

Certificate of Compliance and Service...............................................8

# Index of Authorities

**Cases**

*Brown v. State*, 911 S.W.2d 744 (Tex. Crim. App. 1995) ..................... 5

*Evans v. State*, 202 S.W.3d 158 (Tex. Crim. App. 2006) ................... 5

*Poindexter v. State*, 115 S.W.3d 295 (Tex. App.—Corpus Christi 2003) .......................................................................................... 6

*Poindexter v. State*, 153 S.W.3d 402 (Tex. Crim. App. 2005)............. 6

*Rickels v. State*, 202 S.W.3d 759 (Tex. Crim. App. 2006)................... 5

**No. 03-14-00682-CR**

In the
Court of Appeals
Third District
Austin, Texas

---

**Peter Uchechukwu Ezebunwa,**
Appellant

v.

**The State of Texas,**
Appellee

---

Appeal from the 427th Judicial District Court
Travis County, Texas
Cause Numbers D-1-DC-10-206948

---

**STATE'S BRIEF**

---

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this brief in response to Appellant's briefs.

**Statement of Facts**

In November, 2010, Appellant was arrested for possession of a baggy that contained 30-40 rocks of crack cocaine, which weighed about 9 grams. CR 6-7. The trial court deferred adjudication and placed Appellant on 4 years' community supervision. CR 51-54. The

State filed several motions to adjudicate over the next several years, but each time, Appellant was continued on community supervision with additional treatment. CR 56, 63-64, 66- 67, 75, 79, 148, 150, 154.

The appeal in this case arises from the fifth motion to adjudicate, which alleged that Appellant violated the conditions of community supervision by committing a subsequent criminal offense of possession of a controlled substance. CR 158.[1] The trial court held a hearing on the motion to adjudicate, and the evidence showed that:

On April 9, 2014, Christina Hamilton called 911 to report that several people were selling drugs in her backyard and the adjoining alley behind her house. 5RR 24-25. It was around 11 p.m. in an area "notorious" for drug dealing. 5RR 24, 28, 39, 50-51. Hamilton said she had asked the people to leave but did not push the issue for fear of retaliation. 5RR 26. Hamilton said that the primary suspect was named "E" and was African, and when officers arrived, she

---

[1] There are other allegations in the motion to adjudicate, but none of these support the trial court's decision to adjudicate on their own. The State alleged that Appellant had a positive urine specimen for PCP, but this allegation was later abandoned. 5RR 12-13. The State also alleged failure to pay fees and restitution, but there is no evidence in the record as to Appellant's ability to pay. 5RR 13-14, 20-21. Finally, the State alleged that Appellant failed to complete SAFPF Aftercare as directed, but the sole reason for his failure was his arrest on the new offense. 5RR 18-19.

specifically pointed at Appellant, who was wearing a green and orange jacket. 5RR 27-28, 38, 48-49. The officers had the "same conversation" with Hamilton's daughter. 5RR 39.

Officers Euhus and Bolin covertly observed Appellant for a minute or two before Appellant became aware of their presence. The officers saw Appellant standing in the alley by a folding chair. He did not seem to be walking through, but rather, he just stood there, shifting his weight and looking around. 5RR 27-29, 49-50. Three other subjects were about 10 feet away from Appellant. 5RR 28, 57. When the subjects noticed the police, they began walking away "pretty briskly." The officers caught up and detained everyone, including Appellant. 5RR 29, 51-52.

Euhus found a "very obviously recently constructed rock pile" in the area that Appellant had been standing. 5RR 31, 52. Bolin testified that the rock pile was "right next to" where Appellant had been standing, which he estimated to be less than a foot away. 5RR 56. Euhus testified that he saw Appellant standing a "lungeable distance" away from the rock pile, which he estimated to be 3 to 5 feet away. 5RR 37-38. Euhus kicked over the rock pile and found a baggy

containing 8 grams of crack cocaine rocks, with an estimated street value of $500-$800. 5RR 31, 43, 67.

Appellant told the police that he was just walking through the alley. 5RR 33-34, 54. This story was obviously inconsistent with the officers' own observations as well as the report by Hamilton and her daughter.

Police arrested Appellant and found $740 cash, in small denominations, in a single stack, not in a wallet, which was consistent with drug dealing. 5RR 35, 53. Appellant had a pay stub for $199, but he had no explanation for the remaining $541. 5RR 34-35.

At the conclusion of the hearing on the motion to adjudicate, the trial court found that the preponderance of the evidence showed that Appellant had care, custody, and control over the cocaine, and the court revoked Appellant's probation. 5RR 73-75; CR 176-77.

## Summary of the State's Argument

The trial court did not abuse its discretion in revoking Appellant's probation because a preponderance of the evidence showed that Appellant exercised care, custody, or control over the cocaine.

4

**Argument**

**Reply Point: The evidence is legally sufficient to prove, by a preponderance of the evidence, that Appellant had care, custody, or control of the cocaine.**

A trial court's order revoking probation is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Such an order must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation. *Id.* at 763-64.

To prove possession of a controlled substance, the evidence must show that (1) the defendant exercised control, management, or care over the substance, and (2) the defendant knew the substance was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).

The evidence does not have to be so strong as to exclude every other reasonable hypothesis except the defendant's guilt. *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995). But the evidence must establish more than mere presence near the contraband. This is the so-called "affirmative links" rule, which is designed to protect

innocent bystanders from conviction. It is the logical force of all of the direct and circumstantial evidence, not the number of links, that is dispositive. *Id.* at 161-62.[2]

Appellant argues that the evidence is insufficient to prove that he had care, custody, or control of the cocaine.[3] There are multiple links in this case, however, that amply prove care, custody, or control by a preponderance of the evidence.

First and foremost, Hamilton specifically pointed out Appellant (who was wearing a distinctive green and orange jacket) as the primary suspect dealing drugs behind her house. She even reported that his name was "E." Hamilton's daughter appears to have given the same information to police as well.[4]

---

[2] For examples of affirmative links, see *Poindexter v. State*, 115 S.W.3d 295, 299 (Tex. App.—Corpus Christi 2003), rev'd at 153 S.W.3d 402, 407-13 (Tex. Crim. App. 2005).

[3] Many of the cases cited by Appellant are distinguishable because the State's burden in those cases was beyond a reasonable doubt. In the present case, the State's burden is only a preponderance of the evidence.

[4] This evidence is hearsay because Hamilton and her daughter did not testify, but these facts were testified to by the police officers, without objection, and this evidence was considered by the trial court. 5RR 27-28, 38-39, 48-49, 73-75. Once the trier of fact has weighed the probative value of unobjected-to hearsay evidence in its factfinding process, an appellate court cannot deny that evidence probative value or ignore it in its review of the sufficiency of the evidence. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

Additional links include that Appellant was found in close proximity to the cocaine; there was a large amount of cocaine, with an estimated street value of $500-800; Appellant was found with a large amount of cash; the cash was in a single stack of small denominations, which is consistent with drug dealing; Appellant had no explanation for the majority of the cash; Appellant lied to the police about how long he had been present in the alley; Appellant had no apparent reason for hanging out in the alley at 11 p.m.; and the alley and surrounding area was notorious for drug dealing.

Based on all of the above, the trial court did not abuse its discretion in finding that Appellant was linked to the cocaine by a preponderance of the evidence.

**Prayer**

The State asks this Court to overrule Appellant's point of error and affirm the trial court's judgment.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney

Travis County

Angie Creasy
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## Certificate of Compliance and Service

I certify that this brief contains 1,565 words. I further certify that, on the 4th day of September, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to the defendant's attorney, Amber Vazquez Bode, 1004 West Ave., Austin, Texas 78701.

Angie Creasy