**Affirmed and Memorandum Opinion filed August 25, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00900-CR

---

**BOBBY EARL WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1355107**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to the offense of assault with a deadly weapon. The trial court deferred adjudication of appellant's guilt and placed him on five years' deferred-adjudication community supervision. Subsequently, the State filed a motion to adjudicate appellant's guilt. Following a hearing, the trial court found one of the State's allegations "true" and adjudicated guilt. The trial court sentenced appellant to confinement for ten years. We affirm.

The record reflects the State moved to adjudicate on the grounds appellant violated the conditions of his probation by (1) committing aggravated assault; and (2)

failing to pay his fine and court costs. Appellant entered a plea of true to the allegation of failure to pay and a plea of not true to the allegation of assault. The trial court found the first of these true, but not the second, as reflected in the judgment and the hearing record. Appellant's sole issue on appeal claims the evidence failed to establish by a preponderance of the evidence that he threatened Cleve Mitchell with a knife.[1]

The trial court's determination whether to proceed with an adjudication of guilt is reviewable in the same manner used to determine whether sufficient evidence supports the trial court's decision to revoke community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2014). In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* We review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Id.; Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The trial court is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. *See Garrett*, 619 S.W.2d at 174.

Appellant, complainant Cleve Mitchell, and David Taylor lived in the same apartment complex. Taylor testified that on May 20, 2015, he was talking to Mitchell about a female neighbor's car trouble when appellant "butted in" on their conversation. Words were exchanged and appellant "pulled a knife" on Mitchell and threatened to kill

---

[1] Although the State contends we can affirm the trial court's judgment on the basis that appellant pled true to the failure to pay allegation, the State cites no authority, and we are aware of none, permitting this Court to affirm on an allegation the trial court did not find "true."

him. Taylor said appellant reached to cut Mitchell but Taylor stopped him. According to Taylor, "if I wouldn't have grabbed [the knife], [appellant] would have stabbed him." Taylor testified that Mitchell picked up a chair to defend himself but did nothing to threaten appellant.

Mitchell testified appellant was coming at him with his hand in his pocket and Mitchell knew appellant always carried a knife. Mitchell felt threatened and picked up his chair. Appellant walked off and Mitchell sat down. When appellant returned, Mitchell saw the knife in appellant's hand with the blade exposed. Appellant was coming toward Mitchell and swinging the knife in his direction. Appellant came close enough with the knife that he could have reached Mitchell with it. Mitchell testified that he feared for his life and believed the knife could hurt him. He agreed it could be used as a deadly weapon. Mitchell identified a pocket knife as the same knife appellant had that day. Mitchell denied threatening appellant and said he picked up the chair because appellant was coming toward him with the knife in his pocket.

Both appellant and Mitchell called 911. Officer Luis Ontiveros responded to the call. Appellant and Mitchell gave different versions of the event but Taylor's corroborated Mitchell's. Ontiveros testified that Mitchell was afraid for his life and Mitchell said appellant "tried to cut me." Ontiveros recovered a knife from appellant's wife and identified it in court. Taylor identified the same knife as the one appellant had that day.

Appellant claimed he told Mitchell to "shut up" not because he was angry but because the neighbor was trying to tell appellant what she wanted to do with her car. Appellant testified that Mitchell reacted angrily, responding "Nobody tells me to shut up." Appellant denied reaching for his back pocket before Mitchell picked his chair up and threatened appellant. According to appellant, that was when he reached for his pocket. Appellant then walked away. When appellant walked by again, Mitchell made

3

an angry face at him, and appellant "took off and started walking real fast towards [Mitchell]. And [Mitchell] jumped out of the chair and he went to rear back with it." Appellant denied trying to cut Mitchell and testified he never pulled his knife out, although he admitted to making a motion toward Mitchell as if he had a knife, saying he was "playing with" Mitchell. Appellant testified Taylor never restrained him, and that Taylor had been to dialysis that day and was "drogged [sic] out." According to appellant, the knife his wife gave to Ontiveros was not appellant's and he did not know where his pocket knife went. Appellant admitted that the offense of aggravated assault with a deadly weapon for which he was on deferred-adjudication community supervision also involved a pocket knife.

The trial court heard the conflicting evidence and as the trier of fact determined credibility. *See Garrett*, 619 S.W.2d at 174. The testimony of Taylor, Mitchell, and Ontiveros is some evidence that supports the trial court's finding that appellant threatened Mitchell with a knife. We conclude the greater weight of credible evidence supports the trial court's reasonable belief that it is more probable than not that appellant violated a condition of community supervision by threatening Mitchell with a knife. *See Rickels*, 202 S.W.3d at 763–64. Accordingly, the trial court did not abuse its discretion in finding the State's allegation "true." Appellant's issue is overruled and we affirm the trial court's judgment.


/s/     John Donovan
       Justice


Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).