**AFFIRM; and Opinion Filed November 8, 2018.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-17-01213-CR
_____

**BRADLEY JORDAN PAREDES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1424396-P**

# MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Boatright

Bradley Jordan Paredes appeals the revocation of his community supervision. In a single issue, Paredes contends he was deprived of his right to confront the witnesses against him because he was not present when his mother talked to the trial judge. We affirm the trial court's judgment.

Paredes pled guilty to assault family violence by impeding breath or circulation. Pursuant to a plea agreement, the trial court deferred adjudication of guilt, placed Paredes on four years' community supervision, and assessed a $1,000 fine. The court imposed conditions of supervision that included, but were not limited to, reporting to a probation officer as directed, submitting to random drug testing, and attending a court-approved domestic violence intervention program (BIPP).

Paredes repeatedly violated the conditions of his community supervision, and the State filed corresponding motions to proceed with an adjudication of guilt. The trial court denied all but the final motion, which was filed on order of the court after it was discovered that Paredes had forged documentation certifying that he had completed the BIPP program. Paredes pled true to the new allegation and the trial court revoked his probation, signed a judgment finding him guilty as charged, and sentenced him to ten years' imprisonment. His motion for new trial was overruled. Paredes now files this appeal.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Here, however, Paredes does not challenge the findings or his plea of true to the allegation. Instead, he argues that the trial court's order should be reversed on the grounds of judicial misconduct. He complains that while one of the State's motions to revoke was pending, the trial judge and his attorney met with his mother in chambers, and his mother advised them that Paredes had a drug problem. Because Paredes was not present for this discussion, he argues that he was denied his constitutional right to confront witnesses.

Paredes's complaint is not preserved for our review. During a revocation hearing on June 5, 2017, Paredes was asked about his drug use, and he testified that he did not use drugs. The prosecutor then asked Paredes why his mother had informed the prosecutor that her son was using heroin on a regular basis. The trial judge interjected, "So just so you'll know she [Paredes's mother] also came in with the attorneys and told me the same thing, she said she found needles and she found drugs." Paredes did not object to the trial court's alleged ex parte communication with his mother. He acknowledged that he knew that his mother had talked to them, and he stated

–2–

that his parents were trying to help him. His parents thought that if they told the court that Paredes had a drug problem, maybe the court would send him to rehabilitation instead of prison.

The judge continued the June 5th hearing to allow Paredes's mother and father to appear and testify; however, neither parent appeared at the continued hearing on June 12, 2017. Noting that Paredes's parents had not appeared to testify, the judge briefly summarized Paredes's mother's prior statements and explained that these communications were off the record and would not be used against Paredes. Again, Paredes did not object to this alleged ex parte communication. The record also reflects that Paredes did not raise such an objection in his motion for new trial. Before presenting a complaint for appellate review, the record must show that (i) it was made to the trial court by a timely request that made the court aware of the grounds for the requested ruling, and (ii) that the trial court ruled or refused to rule on the request. TEX. R. APP. P. 33.1. By not objecting to the ex parte communication, Paredes failed to preserve this error for our review.

Even if Paredes had objected, the record does not support his allegation of judicial misconduct. A judge is prohibited from initiating, permitting, or considering ex parte communications concerning the merits of a pending case. TEX. CODE JUD. CONDUCT, Canon 3(B)(8), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B. In this case, however, we question whether the discussion with Paredes's mother was an ex parte communication. An ex parte communication is one that involves fewer than all the parties who are legally entitled to be present during the discussion of any matter. *Youkers v. State*, 400 S.W.3d 200, 206 (Tex. App.—Dallas 2013, pet. ref'd). Such communication is barred to ensure that all legally interested parties are given their full right to be heard under the law and are given equal treatment. *Abdygapparova v. State*, 243 S.W.3d 191, 207 (Tex. App.—San Antonio 2007, pet. ref'd). Here, the judge told Paredes that his mother "came in with the attorneys" and talked to them off the record and not

under oath. This was not a private conversation between the judge and Paredes's mother. Paredes's attorney and the prosecutor were also present for the conversation and therefore all of the parties were represented. Moreover, none of the parties objected to the conversation.

We also question whether the alleged ex parte communication contributed to Paredes's conviction or punishment. "Error in admitting evidence in violation of a defendant's right to confront the witnesses against him is constitutional error, which requires reversal unless the reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." *Gonzalez v. State*, No. 05-13-00630-CR, 2014 WL 3736208, *9 (Tex. App.—Dallas July 14, 2014, no pet.) (not designated for publication) (citing TEX. R. APP. P. 44.2(a)). During the June 12th hearing, the judge noted that Paredes's parents were not present to testify and their statements would not be used against him. The judge also noted that Paredes had explained that the reason his parents told the prosecutor and the court that Paredes was using drugs was because they wanted him to be sent to rehabilitation and not to prison. The judge concluded that she did not have enough evidence to send Paredes to rehabilitation or to prison at that time. She admonished Paredes that probation was a privilege, not a right, and told him that she would give him one last chance to complete the BIPP program. The judge then denied the State's motion to revoke Paredes's probation. Therefore, even if the conversation between the judge, attorneys, and Paredes's mother was improper, we cannot conclude that it contributed to Paredes's conviction or punishment because, at the conclusion of the June 12th hearing, the judge ruled in his favor.

The next hearing took place four months later, on October 13, 2017, after it was discovered that Paredes had forged documentation certifying that he had completed the BIPP program. After Paredes pled true to submitting a forged certificate, the trial court revoked his probation.

The record clearly establishes that the revocation of Paredes's probation, adjudication of guilt, and sentencing was not based on anything Paredes's mother said to the court or attorneys four months earlier. We conclude that Paredes's right to confront the witnesses against him was not violated. We overrule his issue and affirm the trial court's judgment.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

171213F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRADLEY JORDAN PAREDES,
Appellant

No. 05-17-01213-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1424396-P.
Opinion delivered by Justice Boatright.
Justices Stoddart and Whitehill
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of November, 2018.