

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00174-CR

JULIAN MARTINEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 290th District Court
Bexar County, Texas
Trial Court No. 2021CR3246

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Appellant, Julian Martinez, appeals the trial court's judgment revoking his deferred adjudication community supervision and assessing five years' imprisonment.[1] In a single issue, Martinez argues that the State failed to prove by a preponderance of the evidence that he violated his community supervision. The State alleged that Martinez violated his terms of community supervision by committing a new offense, attempted robbery.[2] Martinez contends that the evidence was not sufficient to identify him as the offender, prove that he intended to take the victim's property, or show that he either inflicted bodily injury on the victim or placed the victim in fear of imminent bodily injury or death.

We affirm the trial court's judgment, finding sufficient evidence to support its determination.

## I.  Background

On February 21, 2023, Martinez pled nolo contendere to family violence assault with a prior family violence assault conviction and was placed on deferred adjudication community supervision. *See* TEX. PENAL CODE ANN. § 22.01(b). Less than a year later, the trial court modified the terms and conditions of his community supervision. In September 2024, the trial

---

[1]This appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We, therefore, decide this case pursuant to Rule 41.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 258 (Tex. 2022) ("Transferee courts must follow whatever law binds the transferor court . . . .").

[2]*See* TEX. PENAL CODE ANN. § 29.02(a) ("A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:  (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."); TEX. PENAL CODE ANN. § 15.01(a) ("A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.").

court held an adjudication hearing based on the State's motion to adjudicate, alleging that Martinez violated the terms of his community supervision by committing a new offense, attempted robbery.[3] Martinez pled not true to that allegation.

The State relied on the testimony of one witness, Valerie Campbell, to prove the attempted robbery. Campbell testified that she was walking her dog near the Tobin Center in San Antonio on the evening of February 6, 2024, when she noticed someone "coming from the bus stop area." After the person walked past her, Campbell turned and saw the person wearing a mask, staring at her. The person then started to walk towards her, and "he grab[bed] -- he like, slap[ped] [her] on the wrist and he grab[bed] [her] phone." The person "struggled with [Campbell] for a couple of seconds, and then he let go." The person walked off toward the Bank of America building. Campbell called her boyfriend first and then the police. Her boyfriend immediately ran to find her.

Campbell testified that she could see the person who had tried to take her phone the entire time she was waiting for her boyfriend.

When police arrived, they took Campbell to the area where the person was. Campbell identified Martinez as the person who had attempted to take her phone. At that point, Martinez was not wearing a mask. Campbell testified that Martinez had a heavyset build like the perpetrator and that he was "still wearing . . . the same dark clothing that [she] saw." Campbell later made a positive in-court identification of Martinez.

---

[3]The State waived the other allegation and proceeded only with the allegation of the new offense.

On cross-examination, Campbell acknowledged that the perpetrator had a mask on during the entire encounter. Campbell described the mask as a black cloth covering "his mid nose to the bottom of his chin." Campbell conceded that meant that she only saw the perpetrator's face from his "mid nose up" and could only see "his eyes and the area around his eyes" because his hair was covered.

The trial court found that Martinez violated the terms and conditions of his community supervision by committing a new offense, revoked his community supervision, entered an adjudication of guilt, and sentenced him to five years' imprisonment.

## II.    Standard of Review

"The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a [regular] revocation hearing . . . ." TEX. CODE CRIM. PROC. ANN. art. 42A.108(b). "For probation-revocation cases, we have described the appellate standard of review as whether the trial court abused its discretion." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In a revocation proceeding, the State is only required to prove by a preponderance of the evidence the allegations of a violation of the terms and conditions of community supervision. *Id.* Since preponderance of the evidence is a "much lower standard" than beyond a reasonable doubt, the State is only required to prove that the "greater weight of the credible evidence . . . would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)). "[T]he trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Id.*

4

## III. Analysis

In his sole point of error, Martinez argues that the evidence was insufficient to support that he committed the attempted robbery. The trial court heard sufficient testimony to support a finding that Martinez violated the terms of his community supervision by attempting to take Campbell's phone.

"The [fact-finder] is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and the jury may accept or reject all or any part of a witness's testimony." *Orellana v. State*, 381 S.W.3d 645, 653 (Tex. App.—San Antonio 2012, pet. ref'd). "The [fact-finder] maintains the power to draw reasonable inferences from basic facts to ultimate facts." *Id.* Identification of Martinez as the person who committed the offense charged is part of the State's burden of proof. *See Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984). "[T]he identity of the alleged perpetrator may be proven by circumstantial evidence." *Orellana*, 381 S.W.3d at 653. "Intent may generally be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant." *Morganfield v. State*, 696 S.W.3d 194, 197 (Tex. App.—San Antonio 2024, no pet.). "[W]e must keep in mind that we may not reweigh the evidence or substitute our judgment for that of the [fact-finder]." *Orellana*, 381 S.W.3d at 653.

Martinez's intent to take Campbell's phone can be inferred from Campbell's testimony regarding Martinez's actions. Regarding bodily harm, Campbell testified that Martinez slapped her and struggled with her over the phone. Concerning identity, the matters that Martinez raises on appeal, such as Campbell's inability to recall whether Martinez's hair was covered, go to the weight of Campbell's testimony. Campbell saw Martinez up close when he tried to take her

5

phone. Though a mask covered the lower portion of his face at that time, Campbell was able to see the remainder of his face. Campbell was able to ascertain his size relative to hers and was able to observe his clothing. Campbell was able to maintain visual contact with Martinez afterwards. "[W]e must keep in mind that we may not reweigh the evidence or substitute our judgment for that of the [fact-finder]." *Id.*

In sum, the "greater weight of the credible evidence" supports "a reasonable belief that the defendant has violated a condition of his probation." *Hacker*, 389 S.W.3d at 865 (quoting *Rickels*, 202 S.W.3d at 764). As a result, the trial court did not abuse its discretion by adjudicating Martinez guilty. We overrule Martinez's sole point of error.

## IV. Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted: March 27, 2025
Date Decided: June 24, 2025

Do Not Publish