**Affirmed as Modified and Opinion Filed September 25, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-15-00360-CR

---

**KENNETH LLOYD CONNORS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court Cause No. F14-40220-X**

---

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Whitehill

Kenneth Lloyd Connors appeals his conviction, following the adjudication of his guilt, for burglary of a habitation. In a single issue, appellant contends that the burden of proof at the adjudicating hearing was improperly shifted to him. We affirm the trial court's judgment.

Appellant waived a jury and pleaded guilty to burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Pursuant to a plea agreement, the trial court deferred adjudicating guilt, placed appellant on four years' community supervision, and assessed a $1,000 fine. The State later filed an amended motion to proceed with an adjudication of guilt, alleging appellant violated several conditions of his community supervision. In a hearing on the motion,

appellant pleaded true to all of the allegations.  The trial court granted the motion, adjudicated appellant guilty of burglary of a habitation, and assessed punishment at six years' imprisonment.

In his sole issue, appellant contends the amended motion to proceed with an adjudication of guilt shifted the burden of proof to him to prove why the trial court should not proceed to adjudication because it states, in pertinent part, ". . . the State prays that said Defendant be cited to appear before this Honorable Court and show cause why the Court should not revoke probation or proceed with an adjudication of guilt on the original charge."  Appellant asserts the trial court abused its discretion by granting the State's motion under an improper shifting of the burden of proof, and he seeks a new hearing on the motion.  The State responds that appellant is not entitled to a new hearing on the motion to proceed with an adjudication of guilt.

The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp. 2014).  Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion.  *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation.  *Id*. at 763–64.

Appellant does not challenge the sufficiency of the evidence to support the trial court's adjudication of his guilt nor does he contend that he did not voluntarily enter his plea of true to the allegations in the motion.  Rather, he focuses on the language contained in the motion to proceed to adjudication as evidence that the burden was placed on him rather than the State at the hearing.  We disagree.

First, we note that appellant did not object to the now complained-of language during the adjudication hearing. Therefore, he has not preserved his complaint for review. *See* TEX. R. APP. P. 33.1(a)(1)(A).

Moreover, nothing in the record supports appellant's complaint that the burden was shifted to him to defeat adjudication of his guilt. Rather, the record shows appellant was admonished both orally and in writing by the trial court. Appellant stated he was voluntarily entering his plea of true without the benefit of an agreement with the State, and he judicially confessed to the allegations contained in the motion to adjudicate guilt. Appellant testified regarding the violations of his community supervision and his attempts to make a better life. *See Sanchez*, 603 S.W.2d at 871. We conclude the trial court neither improperly shifted the burden of proof to appellant nor abused its discretion in revoking appellant's community supervision and adjudicating his guilt. We resolve appellant's issue against him.

We note the judgment adjudicating guilt incorrectly reflects there was a plea bargain agreement, when, in fact, appellant entered an open plea of true to the allegations in the motion to adjudicate. Accordingly, we modify the section of the judgment adjudicating guilt entitled "terms of plea bargain" to state "open." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment adjudicating guilt.

Do Not Publish
TEX. R. APP. P. 47
150360F.U05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH LLOYD CONNORS,
Appellant

No. 05-15-00360-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the  Criminal District Court
No. 6 of Dallas County, Texas (Tr.Ct.No.
F14-40220-X).
Opinion delivered by Justice Whitehill,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered September 25, 2015.