**Affirmed and Opinion Filed October 19, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00710-CR

**NICHOLAS PHILIP YUKICH, III, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-82747-2011**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Whitehill
Opinion by Justice Francis

Nicholas Philip Yukich, III appeals the trial court's judgment revoking his community supervision and sentencing him to two years in prison. In a single issue, appellant contends the trial court abused its discretion by finding the evidence was sufficient to revoke his probation. We affirm the trial court's judgment.

In April 2013, appellant pleaded guilty to the third degree felony offense of driving while intoxicated. According to the plea bargain agreement, the trial court sentenced appellant to six years in prison, suspended for four years community supervision. In October 2015, the State moved to revoke appellant's community supervision contending he had violated seven different terms of his probation. After a hearing, the court continued and extended appellant's community supervision to September 4, 2018.

On January 7, 2016, the State filed a second motion to revoke appellant's community supervision. At the hearing on the motion, appellant pleaded true to each of the probation violations alleged by the State. The court admonished appellant that his plea was an "open plea" with no agreed punishment and the court could either extend his probation again or sentence him to between two and six years in prison. Appellant stated he understood and agreed to proceed on his pleas and allow the trial court to determine his punishment.

During the punishment phase of the hearing, the court heard the testimony of two probation officers and appellant. The focus of the testimony was the attempted but unsuccessful transfer of appellant's probation to Oklahoma where he was moving for his job. Appellant stated that due to the transfer process, he felt "bounced around" and had difficulty fulfilling the terms and conditions of his probation. After hearing the evidence, the trial court accepted appellant's pleas and found each of the alleged probation violations to be true. The court then revoked appellant's probation and sentenced him to two years in prison. This appeal followed.

In a single issue, appellant contends the trial court abused its discretion by revoking his community supervision because the evidence did not show he intentionally and knowingly violated the terms and conditions of his probation. Appellant argues the transfer process left him confused about how to meet the requirements of his community supervision.

A trial court's decision to revoke community supervision is reviewed under an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A plea of true to an allegation contained in a motion to revoke community supervision, standing alone, is sufficient to support a decision to revoke. *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015). Furthermore, a proper finding that a defendant violated any one of the conditions of his community supervision is sufficient to support revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

In this case, appellant pleaded true to all of the violations alleged in the State's motion to revoke. This alone is sufficient to support the trial court's decision. *See Tapia*, 462 S.W.3d at 31 n.2. In addition, appellant admitted in his testimony that he violated many of the terms and conditions of his probation. Although he argues the attempted transfer of his probation to Oklahoma made compliance with residency and reporting requirements difficult, he makes no showing as to how he was prevented from fulfilling other terms of his probation including obtaining a properly functioning alcohol testing device, completing a Marijuana Intervention Program, and paying court costs of $630 within thirty days. Indeed, his testimony at the hearing showed that his failure to comply with most of the terms and conditions of his probation was largely because they were inconvenient and he had other priorities. We conclude the trial court did not abuse its discretion in revoking appellant's community supervision.

We affirm the trial court's judgment.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.1
160710F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS PHILIP YUKICH, III,
Appellant

No. 05-16-00710-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-82747-2011.
Opinion delivered by Justice Francis.
Justices Myers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 19, 2017.