

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00244-CR

David **FARR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR4611
Honorable Joey Contreras, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Karen Angelini, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: December 19, 2018

AFFIRMED

David Farr appeals the trial court's judgment revoking his community supervision and sentencing him to ten years' imprisonment. Farr presents two issues on appeal contending: (1) the trial court abused its discretion in finding the alleged violation of the terms of his community supervision to be true; and (2) the sentence imposed by the trial court constituted cruel and unusual punishment. We affirm the trial court's judgment.

## BACKGROUND

On December 12, 2017, Farr pled guilty to the offense of robbery and was sentenced to ten years' imprisonment in accordance with the terms of a plea bargain agreement. However, the trial court suspended Farr's sentence and placed him on six years' community supervision.

On February 9, 2018, the State filed a motion to revoke Farr's community supervision alleging he committed the offense of felon in possession of a firearm on or about February 5, 2018. The violation report stated Farr was taken into custody for the offense on February 5, 2018.

After a hearing on the State's motion to revoke, the trial court found the violation true, revoked Farr's community supervision, and sentenced him to ten years' imprisonment. Farr appeals.

## REVOCATION OF COMMUNITY SUPERVISION

In his first issue, Farr contends the trial court abused its discretion in finding the alleged violation to be true. Farr contends the evidence presented by the State "was insufficient to establish that [he] knowingly and intentionally possessed any firearm as a felon in violation of the laws of the State of Texas." The State responds the evidence is sufficient because Farr "never removed his very distinctive hat, so his movements were easy to trace, and a handgun was found right where he had dropped something."

In a hearing on a motion to revoke community supervision, the State bears the burden to prove its allegations by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Id*. at 764. The trial judge is the sole judge of the credibility of the witnesses and the weight to be given particular testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). An appellate court reviews the trial court's order revoking community supervision under

an abuse of discretion standard and indulges all reasonable inferences in a light favoring the trial court's ruling. *Rickels*, 202 S.W.3d at 763; *Reasor v. State*, 281 S.W.3d 129, 131 (Tex. App.— San Antonio 2008, pet. ref'd).

Officer Vidal Diaz testified he received a call regarding shots fired at a shopping center near a pizza restaurant. Officer Diaz was in the exact location and was able to immediately pull into the parking lot. He was flagged down by three people outside the pizza restaurant who informed him the person who fired the shots ran into an adjacent dollar store. All of the people emphasized the shooter had on an orange hat. Officer Diaz parked in front of the dollar store and asked a woman exiting the store if someone wearing an orange hat was in the store. The woman nodded yes. As Officer Diaz entered the store, he encountered Farr exiting the store wearing an orange hat. Officer Diaz informed Farr that he matched the description of a person who had just fired shots and detained him. Two additional officers arrived. One of the officers was wearing a body camera which recorded Farr in a distinctive orange hat which was furry and in the shape of a monkey with arms that hung down the sides of Farr's head almost to his waist. The two officers entered the store and located a gun on one of the store shelves. When the officers brought the gun outside, Farr hit his head on the window of the patrol car in which he was being detained. When Officer Diaz opened the door in response, Farr told Officer Diaz, "You can't put that on me." On cross-examination, Officer Diaz admitted the shooter was initially described as a white male and Farr was a black male, but Officer Diaz further testified the description of the clothing and the hat matched the clothing and hat worn by Farr "to a T."

The manager of the dollar store identified a DVD containing video surveillance from the store which was admitted into evidence. The manager testified Farr came into the store out of breath, asked to use the phone, and began making phone calls and pacing through the store. The

video shows Farr bending down in an area of the store, and the manager testified she heard a loud thump or bump at that time.

Officer Carlos Castro testified he also responded to the call for shots fired. When he entered the store, the manager pointed him to the location in the store where she heard the loud thump. Officer Castro testified he located a gun on a shelf in that area and identified photographs of the area in the store where the gun was located. Officer Castro testified he was wearing a body camera, and the video footage from the body camera was introduced into evidence. In addition to showing Farr in the orange monkey hat, the video also showed Officer Castro and the other officer searching for and locating the gun on the shelf in the area where the manager directed them. On cross-examination, Officer Castro agreed other customers were in the store.

After hearing the foregoing evidence, the trial court found the violation to be true. Deferring to the reasonable inferences the trial court was entitled to draw from the evidence, we hold the trial court did not abuse its discretion in finding the alleged violation to be true. *See Rickels*, 202 S.W.3d at 763; *Reasor*, 281 S.W.3d at 131. Farr's first issue is overruled.

### CRUEL AND UNUSUAL PUNISHMENT

In his second issue, Farr asserts the sentence imposed by the trial court constitutes cruel and unusual punishment because the sentence is disproportionate to the seriousness of the alleged offense.[1] Although Farr acknowledges a defendant must make an objection that a sentence constitutes cruel and unusual punishment in the trial court to preserve error for appeal, Farr cites a law review article to suggest that this court should revisit the law and hold "the prohibition against

---

[1] In making this argument, Farr focuses on the offense he committed which resulted in the revocation of his community supervision, i.e., felon in possession of a firearm, rather than on the original robbery offense for which he was sentenced. In addition, in sentencing him, the trial court could consider Farr had been on probation less than two months, and the evidence established he was not only in possession of a firearm, but he also discharged the firearm multiple times in the parking lot of the shopping center.

cruel and unusual punishment cannot be waived by an individual." In acknowledging the current state of the law, Farr cites *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd), which held "in order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." In reaching its holding, the Houston court cited *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996), which similarly held that for purposes of appellate review, an appellant forfeits a contention that his right against cruel and unusual punishment was violated if the appellant fails to object in the trial court. As an intermediate appellate court, we are bound to follow the precedent of the Texas Court of Criminal Appeals. *De Leon v. State*, 373 S.W.3d 644, 650 n.3 (Tex. App.—San Antonio 2012, pet. ref'd). Accordingly, Farr's second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Irene Rios, Justice

DO NOT PUBLISH