**AFFIRMED and Opinion Filed May 29, 2024**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00557-CR**

**JOSHUA MAPHAI RUSHING, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-81554-2017**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Appellant Joshua Maphai Rushing appeals the trial court's May 5, 2023 Judgment Adjudicating Guilt. In a single issue, appellant contends that the trial court disregarded evidence of "the circumstances of his situation" and abused its discretion when it revoked his community supervision, adjudicated his guilt for aggravated assault with a deadly weapon, and sentenced him to five years in the Institutional Division of Texas Department of Criminal Justice. We affirm.

## Background

In 2017, appellant was indicted in this case for aggravated assault of his wife involving a hatchet. He pleaded guilty, and the trial court placed him on deferred adjudication community supervision for seven years. At the same time, he was placed on deferred adjudication community supervision for five years for a dumping offense. And one year later, he was charged with and pleaded to another assault family violence offense, for which he was placed on a third deferred adjudication community supervision.

In February 2018, the State filed a petition to adjudicate appellant's guilt, which was heard on March 23, 2018. Appellant entered a plea of true, and the trial court extended his community supervision period to ten years.

The State filed another petition to adjudicate in May of 2019, after appellant was charged again with assault family violence. And in November 2020, he was charged with four offenses involving an altercation with police officers; the officers had responded to a call that appellant was physically assaulting a woman (his wife) in a public parking lot. After being amended multiple times, the May 2019 petition was finally heard as the Sixth Amended State's Petition to Enter a Final Adjudication of Defendant's Guilt (the Sixth Amended Petition) on December 2, 2021.

The December hearing addressed the Sixth Amended Petition in this case as well as amended petitions in appellant's other two deferred adjudication cases, i.e., the dumping case and the 2018 family violence case. After two days of evidence, the

trial judge revoked appellant's probation and adjudicated his guilt in the dumping and family violence cases. The judge assessed terms of incarceration in both of those cases. However, he gave appellant a month to get his affairs in order and ordered him to appear to begin his concurrent sentences on January 29, 2022. The judge continued appellant's community service in this case, adding the new condition that appellant report as ordered on January 29. Appellant did not report, and the State then filed its State's Petition to Enter a Final Adjudication of Defendant's Guilt (the Final Petition).

Appellant was arrested September 26, 2022, and the Final Petition was heard on May 2, 2023. The court heard testimony from appellant's community supervision official establishing his failure to report in 2022 to begin his sentences and other administrative violations of his community supervision. Appellant testified that he had not reported as ordered because—based on the four police-related charges he had pending—he "feared for [his] safety." He stated, "Since my rights have been violated in that manner, I was scared to turn myself in to this agency." Appellant's older sister also testified, and both she and appellant asked for leniency based primarily on his difficult youth, growing up in the foster care system.

The trial judge found that appellant had violated the condition that he report to serve his sentences, revoked his community service, and adjudicated him guilty. The judge spoke to appellant at the close of the hearing and expressed frustration

that appellant exhibited no concern "about what the State or what society wants." Nevertheless, the judge told him:

> I was going to sentence you to ten years. I do understand that you have a history here and I do understand that perhaps you can be rehabilitated, and so, I'm going to give you a chance to do that. I'm going to sentence you to five years in Texas Department of Corrections.

This appeal followed.

## Discussion

In his single appellate issue, appellant contends the trial court abused its discretion by refusing to continue him on community supervision and by imposing a five-year sentence following adjudication of his guilt. Appellant does not argue that the trial court violated any legal rule in the revocation or adjudication process. The State's burden was to prove a violation of appellant's conditions of supervision by a preponderance of the evidence. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Appellant acknowledged in his testimony that he failed to appear to start his sentence on the appointed date, which was a condition of his supervision. Violation of one condition is sufficient to support revocation. *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.).

Appellant recognizes that the decision to revoke community supervision after a violation is proved falls within the discretion of the trial court. *Rickels*, 202 S.W.3d at 763; *see also State v. Waters*, 560 S.W.3d 651, 661 (Tex. Crim. App. 2018) (trial court has wide discretion to modify, revoke, or continue probation after finding violation). His complaint, therefore, is that the trial court failed to exercise its

discretion more leniently in his favor. In this case, however, appellant had already been continued on community supervision three times following hearings on petitions to adjudicate his guilt. And while he was on community supervision for this offense he was charged with committing a number of additional violent offenses.

The purposes of community supervision are: to protect or restore the community; to protect or restore the victim; or to punish, rehabilitate, or reform the defendant. TEX. CODE CRIM. PROC. art. 42A.301(a). In this case, the trial court could reasonably conclude after six years that appellant's community supervision was not protecting his victim or the community and was not rehabilitating or reforming appellant.

That said, it is clear the court did take into account the testimony concerning appellant's circumstances. After revoking appellant's community service and adjudicating him guilty, the judge acknowledged appellant's "history," and reduced the sentence he had intended to impose from ten years to five years. The judge could reasonably have concluded that incarceration—rather than community supervision—would assist appellant in that rehabilitation. We conclude the trial court acted within its discretion in refusing to continue appellant on community supervision, in revoking his supervision, and in adjudicating his guilt.

Appellant also complains that the trial court's imposition of a five-year sentence was excessive. The Court of Criminal Appeals has described the trial court's discretion to impose any sentence within the prescribed range as essentially

unfettered. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Likewise, that court has held that a sentence within the statutory range of punishment is not excessive and will not be disturbed on appeal. *See Ware v. State*, No. 05-22-00302-CR, 2023 WL 1431422, at *1 (Tex. App.—Dallas Feb. 1, 2023, no pet.) (mem. op., not designated for publication) (citing *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016)). Appellant was charged with a second degree felony, which carries a sentencing range of two to twenty years' imprisonment. TEX. PENAL CODE ANN. § 12.33(a). The trial court's sentence is not only within that range, it is on the lower end of that range. We are assured, therefore, that the trial court considered appellant's mitigating evidence. *See Gonzalez v. State*, No. 05-02-01716-CR, 2003 WL 22072692, at *1 (Tex. App.—Dallas Sept. 8, 2003, no pet.) (not designated for publication) (trial court clearly considered mitigating evidence because sentence assessed was less than maximum allowable for the offense).

Appellant relies on article 42A.755, which provides that, following revocation:

> if the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement, [the judge may] reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted.

CRIM. PROC. art. 42A.755(a)(2). In this case, appellant's plea agreement provided for a sentence of seven years' confinement. Thus, his five-year sentence already represents a reduction from the initial assessment. After considering both appellant's

testimony and the record of his conduct while on community supervision, we cannot say that the trial court abused its discretion by not reducing appellant's sentence even further.

We overrule appellant's single issue on appeal.

**Conclusion**

We affirm the trial court's judgment.

/Bill Pedersen, III/

BILL PEDERSEN, III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
230557F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSHUA MAPHAI RUSHING,
Appellant

No. 05-23-00557-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-81554-
2017.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered May 29, 2024.